[S. F. No. 231.   Department Two.—September 10, 1897.]

## CHICO HIGH SCHOOL BOARD, Appellant, v. BOARD OF SUPERVISORS OF BUTTE COUNTY, Respondent.

HIGH SCHOOL—ESTIMATE OF BOARD FOR TAXATION—TAXING BODY—LARGER DISTRICT INCLUDING CITY—CONSTRUCTION OF MUNICIPAL ACT.—By the municipal act of 1883, in all municipal corporations, up to and including those of the fifth class, the legislature has sought to place the public schools, including high schools, within the cities and towns, under the government and control of the municipalities, with power to levy such taxes for their maintenance as may be necessary, in addition to the state tax; and by the amendment of 1891 to section 795 of that act, a school district, which includes a city and additional territory, is to be deemed part of the city, and the high school board in such a district, which includes a city of the fifth class, must report the estimate required by section 1670 of the Political Code, to the legislative authority of the city, as the proper

taxing body to levy a special tax for high school purposes, and not to the board of supervisors of the county.

APPEAL from a judgment of the Superior Court of Butte County.   W. H. Grant, presiding.

The facts are stated in the opinion.

F. C. Lusk, for Appellant.

Warren Sexton, and Park Henshaw, for Respondent.

SEARLS, C.—Application by the Chico high school board for a writ of mandate commanding the board of supervisors of the county of Butte to hold a special meeting and to levy a special tax upon all the taxable property of Chico high school district, sufficient in amount to raise the sums required by said Chico high school district, as shown by the estimates of the Chico high school board, etc.

An alternative writ issued, whereupon the board of supervisors came in and filed a demurrer to the petition upon the ground that it did not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the court, and, petitioners declining to amend, judgment went for defendant.   Plaintiff appeals.

The petition shows, among other things, that "the Chico high school district" is a municipal  corporation in the county of Butte, regularly organized and existing under the provisions of section 1670 of the Political Code, relating to high schools, as amended in 1895.   The district embraces within its exterior boundaries the entire area of the city of Chico, a municipal corporation of the fifth class, which contains about three hundred and twenty acres of land, and taxable property to the extent of about one million three hundred thousand dollars.

The high school district also includes within its exterior limits a large extent of country outside of the city of Chico, which, together with that within the city, consists of  about twenty thousand three hundred and fifty acres, and contains taxable property of the value of  say two million eight hundred and twenty-five thousand four hundred and twenty-five dollars.

The boundaries of the high school district and of Chico school district are identical, the latter having been regularly formed as by law provided, and the former having been regularly formed by the qualified electors of the Chico (common) school district.

The board of education of the city of Chico constitutes the Chico high school board, and its members are elected by the voters of the whole district. The appellant in this action is the high school board.

At a meeting of the board held prior to August 31, 1896, it was decided to expend the sum of seven thousand five hundred dollars to purchase block 81, in the city of Chico, for a high school lot, and to repair the building thereon for a schoolhouse, and to furnish the same for the accommodation of a school. It was also decided to expend the sum of three thousand five hundred dollars for conducting the said Chico high school for the school year, and it was decided and directed that an estimate in accordance therewith be presented to the defendants, the supervisors of Butte county.

Thereupon, on the thirty-first day of August, 1896, a written estimate was duly presented to the board of supervisors, as provided by subdivision 14 of section 1670 of the Political Code, setting forth separately the amounts required for said several purposes, the action of the high school board relating thereto, etc., with a request that the board of supervisors levy a special tax upon all the taxable property of said Chico high school district sufficient in amount to raise the said several sums required by said Chico high school board, as shown by said estimates.

The board of supervisors considered the application, estimates, etc., and refused to levy the special tax or any special tax to raise the said sums of money or any part thereof. The petitioners are residents and taxpayers of said high school district.

No objection is suggested as to the validity or regularity of the formation of the Chico high school district, or as to the regularity of the estimates or application for the.levy of the tax, or that appellant is the high school board of this high school district.

The paramount question involved in the case is this: Was it the duty of the board of supervisors of Butte county to levy the school tax for the support of the Chico high school district, or

did that duty devolve upon the board of trustees of the city of Chico?

The haze in which this question is enveloped comes from the wording of the various statutes bearing upon the question.

Subdivision 14 of section 1670 of the Political Code, as amended in 1895 (Stats. 1895, p. 293), which was in force when the proceedings herein were taken, provides that: "In any city, incorporated town, school district, or union high school district, which shall have voted to establish and maintain a high school, it shall be the duty of the high school board therein to furnish to the authorities whose duty it is to levy taxes, on or before the first day of September, an estimate of the cost of purchasing a suitable lot, of procuring plans and specifications and erecting a suitable building, of furnishing the same, and of fencing and ornamenting the grounds for the accommodation of the school, and of conducting the school for the school year.

"It shall be the duty of said board, each and every year thereafter, to present to said authorities, on or before the first day of September, an estimate of the amount of money required for conducting the school for the school year."

The fifteenth subdivision of the same section (1670) is as follows:

"When such estimate shall have been made and submitted, it shall be the duty of the authorities whose duty it is to levy taxes in said city, incorporated town, school district, or union high school district, to levy a special tax upon all of the taxable property of said city, incorporated town, school district, or union high school district, sufficient in amount to maintain the high school. Said tax shall be computed, entered upon the tax-roll, and collected in the same manner as other taxes are computed, entered, and collected."

The sixteenth subdivision provides that if the high school board shall fail to make the estimate provided for in subdivision 14, the superintendent of schools shall, on petition, make it; and subdivision 17 provides as follows:

"Should the authorities whose duty it is to levy the tax, as provided in subdivision 15 of this section, fail to make the levy provided for, it shall be the duty of the county auditor to make

such levy and add it to the tax-roll of said city, incorporated town, school district, or union high school district."

The crucial question, then, is as to what board or body is meant by the expression "the authorities whose duty it is to levy taxes in said city, incorporated town, school district, or union high school district."

The learned counsel for appellant contends and argues at length in favor of the proposition that the duty devolves upon the board of supervisors of the county of Butte. Counsel for respondent holds that the levy, under section 1670, quoted *supra*, should have been made by the trustees of the city of Chico.

Section 6 of article IX of our constitution provides that "the public school system shall include primary and grammar schools, and such high schools, evening schools, normal schools, and technical schools as may be established by the legislature or by municipal or district authority; but the entire revenue derived from the state school fund and the state school tax shall be applied exclusively to the support of primary and grammar schools."

It will be seen from this constitutional provision that, while "high schools" are an integral part of our public school system, the expense of their maintenance is to be met by necessary taxation independent of the general school tax and of the revenue derived from the state school fund.

We think it apparent from the language used in section 1670 of the statute as amended in 1895, quoted *supra*, that the legislature comprehended that the duty of levying taxes for the support of high schools would, under different circumstances, devolve upon different boards or authorities, hence the high school board is required to furnish estimates of the amount of money required "to the authorities whose duty it is to levy taxes."

This is made more apparent when we bear in mind that the statute of 1895 provides for the creation of high schools: 1. In cities or incorporated towns; 2. In school districts; 3. In two or more contiguous school districts in the same county; 4. County high schools embracing the whole of the county, not, however, to include any city, incorporated town, or school district in which a high school is in existence; 5. Joint union high schools composed of two or more adjacent districts not in the same county.

As to the county high schools, the statute of 1895, in express terms, imposes the duty of levying taxes for their support upon the boards of supervisors of the respective counties in which they are situate. (Stats. 1895, p. 301.) So, too, in the case of high schools organized in school districts not situate in an incorporated city or town, it is conceded the power of taxation for their support rests in the board of supervisors, under the general powers conferred by the County Government Act.

"A municipal corporation is but a branch of the state government, and is established for the purpose of aiding the legislature in making provision for the wants and welfare of the public within the territory for which it is organized, and it is for the legislature to determine the extent to which it will confer upon such corporation any power to aid it in the discharge of the obligation which the constitution has imposed upon itself." (*In re Wetmore*, 99 Cal. 146.)

To promote the education of the rising generation is one of the obligations which, by article IX, section 1, of the constitution, devolves upon the legislature. In the discharge of this obligation the legislature, by the municipal act of 1883 organizing municipal corporations (Stats. 1883, p. 93), has created in the first five of the several classes of municipal corporations school departments.

In class five, of which the city of Chico is one, the legislative department of the city is authorized to "levy and collect annually a property tax which shall be apportioned as follows, . . . . for school fund, not exceeding twenty cents on each one hundred dollars. (Stats. 1883, sec. 764, subd. 9, p. 253.)

By section 795 of the same act each of those municipal corporations is made a school district "which shall be governed by the board of education of such city." Full power is given to the board of education to establish and maintain public schools, to build, rent, purchase, and furnish schoolhouses, etc., and to determine and report annually the amount of money needed for the support of the public schools, etc., to the city trustees, who shall thereupon levy a tax, etc.

These references to the municipal act of 1883 are for the purpose of showing that in all municipal corporations up to and including those of the fifth class, the legislature has sought to

place the public schools within the cities and towns under the government and control of the municipalities, with power to levy such taxes for their maintenance as may be necessary in addition to the state tax, etc.

The act of 1883 has been repeatedly amended, but we fail to find in any of the changes an attempt to deprive municipal corporations, of the classes indicated, of the powers therein designated. They have been enlarged, modified, etc., but have not been taken away.

By an amendment made in 1891 to section 795 (Stats. 1891, p. 28), it is provided that the supervisors may include in the school district more territory than is included in the city, in which case the added territory is to be deemed a part of the city, and shall constitute a separate precinct for the purposes of municipal elections, and the electors therein may vote for the board of education, and such outside territory shall be deemed a part of the city for all matters connected with the school department "and the annual levying and collecting of the property tax for the school fund."

The Chico school district comes within the category of cases provided for by this amendment.

If the legislature had intended or understood that the boards of supervisors of the several counties should in all cases levy the tax for high school purposes, it is hard to suppose that they would have so declared expressly in cases of county high schools, and then used the expression found in the fourteenth and fifteenth subdivisions of section 1670, as amended in 1895, viz: "The authorities whose duty it is to levy taxes in said city, incorporated town, school district, or union high school district," for the reason that the expression quoted would have been surplusage.

But when we bear in mind that the authority to levy taxes for school purposes is expressly conferred upon the first five classes of municipal corporations, and that the sixth class has no such authority conferred upon it, and is not provided as are the others with a school department, the object becomes apparent. The legislature could not with propriety direct the high school board in all incorporated cities to report the amount needed for high school purposes to the city trustees, as that would include cities

of the sixth class which are school districts and may become high school districts equally with the others, but have no power to levy school taxes; hence the expression "the authorities whose duty it is to levy taxes." The term "duty to levy taxes" must be construed to mean the duty to levy taxes for school purposes.

We have found it difficult to harmonize all the different clauses relating to the school system so as to give effect to the whole, and were we inclined to cavil, abundant cause might be found therefor in some of our school legislation.

We conclude, however, after a patient study of the school law as it now stands, that in cities and incorporated towns of the first five classes the high school boards should report their estimates for high school support to the city trustees or other legislative authority; and that in all other cases, including cities of the sixth class, the estimate should be presented to the board of supervisors of the county or counties in which the high school is situated. These views are conclusive of appellant's right in the premises.

As the estimates were presented to the board of supervisors and a demand made for the levy of the tax by that body, when it should have been made to the board of trustees of the city of Chico, the court below properly sustained the demurrer to the petition, and the judgment should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., McFarland, J., Henshaw, J., Temple, J.