[Civ. No. 2491.    Third Appellate District.—June 19, 1922.]

## A. W. HORTON, Petitioner, v. T. F. WHIPPLE, County Auditor, etc., Respondent.

[1] SCHOOL LAW — CITY HIGH SCHOOL DISTRICT — ANNEXATION OF ELEMENTARY SCHOOL DISTRICTS—APPOINTMENT OF SCHOOL BOARD. Where a city high school district, embracing all the territory within a municipal corporation of the fifth class and certain additional territory annexed thereto for high school purposes and the elementary school district of that city are coextensive and both are governed by the city board of education, elected by the electors of the district, and the board of supervisors of the county, pursuant to the provisions of section 1734b of the Political Code, adopts a resolution annexing a number of elementary school districts to that city high school district, the county superintendent of schools has not the authority to appoint a high school board for such enlarged high school district.

APPLICATION for a Writ of Mandamus to compel a county auditor to issue a warrant in payment of a school claim.    Petition denied.

The facts are stated in the opinion of the court.

W. E. Duncan for Petitioner.

J. R. Robinson, District Attorney, and J. Oscar Goldstein for Respondent.

G. H. Harlan, as *Amicus Curiae.*

FINCH, P. J.—This is an original application for a writ of mandate requiring respondent to issue a warrant on the county treasurer of Butte County for the amount of petitioner's claim against Chico High School District, the claim having been duly approved by certain persons alleged to constitute the high school board of such district and the county superintendent of schools of said county having regularly issued his requisition in favor of petitioner for the amount of such claim.

[1] Prior to August 24, 1921, Chico High School District was a city high school district embracing all the territory within the city of Chico, a municipal corporation of

the fifth class, and also certain additional territory annexed thereto for high school purposes. While it is not directly alleged, it may be inferred from the pleadings and the statements of counsel for the respective parties that the high school and elementary school districts were coextensive and both were governed by the city board of education, elected by the electors of the district. August 24, 1921, the board of supervisors of Butte County, pursuant to the provisions of section 1734b of the Political Code as added by Stats. 1921, page 722, adopted a resolution annexing seventeen elementary school districts to Chico High School District. No election was thereafter held in the high school district for members of a high school board, but the city board of education of Chico continued to act as the high school board of the enlarged district. April 24, 1922, the county superintendent of schools appointed the persons who approved petitioner's claim, as stated, members of the high school board of the enlarged district. The board so appointed and the city board of education are both attempting to act as the high school board. The question for determination is which board is authorized to conduct the affairs of the district.

At the outset it may be observed that any attempt to apply literally all the various provisions of the school law would lead to hopeless confusion. As said in *Chico High School Board* v. *Supervisors,* 118 Cal. 115, 122 [50 Pac. 275, 277], "we have found it difficult to harmonize all the different clauses relating to the school system so as to give effect to the whole, and were we inclined to cavil, abundant cause might be found therefor in some of our school legislation." Many laws, general in character, seem to have been designed to govern high school districts of a particular kind without reference to the relation of such laws to other laws covering the same subject matter. Other provisions which, from the nature of the subject matter thereof, ought to have been general in their application are limited to proceedings under the particular laws in which they are embraced.

Petitioner relies on sections 1731 and 1732 of the Political Code. Section 1732 provides: "Whenever the number of school districts in a high school district is increased from one to two or more, the superintendent of schools having

jurisdiction of such high school district shall, within fifteen days thereafter, call an election as provided in section seventeen hundred thirty, and thereafter the high school board shall be elected and organized as provided in sections seventeen hundred thirty and seventeen hundred thirty-one.'' Sections 1730 and 1731 provide for the election at large of five trustees in union and joint union high school districts. If petitioner's contention thus far stated be correct, then it follows that, upon the annexation of the several elementary school districts to the Chico High School District, the latter ceased to be a city high school district, governed by the city board of education, and became a union high school district, under the control of a high school board of five trustees to be elected at large. The next step in petitioner's argument is that, after the annexation, the enlarged district was without a governing board and that therefore the county superintendent was authorized under the following provision of section 1731 to appoint the new board: ''Vacancies on the board shall be filled by appointment by the superintendent of schools having jurisdiction over the high school district, the appointee to hold office for the remainder of the unexpired term.'' The primary question for determination then is, whether the provision of section 1732 authorizing the county superintendent to call an election is applicable to the enlarged district. If he was not authorized to call such election he had no power to appoint. If it be conceded, however, that it was his duty to call the election, it does not necessarily follow that he had authority to appoint.

. In all school legislation, unless section 1732 be an exception, there is a manifest purpose to place schools in municipalities, up to and including those of the fifth class, under the control of the school officers thereof, even though the school district may include territory outside of the municipality. Section 795 of the Municipal Corporation Act (Stats. 1883, p. 93, as amended Stats. 1891, p. 28), relating to elementary schools in cities of the fifth class, provides: ''From and after the organization of each of such cities, the same shall constitute a separate school district, which shall be governed by the board of education of such city; provided the board of supervisors may include more territory in such school district than that included in such city,

and in that case such outside territory shall be deemed a part of such city for the purpose of holding the general municipal election, and shall be an election precinct by itself and its qualified electors shall vote only for the board of education, and said outside territory shall be deemed to be a part of said city for all matters connected with the school department, and the annual levying and collecting of the property tax for the school fund.'' Section 1576 of the Political Code contains similar provisions and further provides that such outside territory ''shall form one or more election precincts, as may be determined by the legislative authority of said city or incorporated town.'' Section 1726 provides: ''In every high school district formed and existing in an incorporated city or town . . . the board of education . . . of such incorporated city or town . . . shall constitute the high school board.'' Section 1729 provides: ''A union high school district which lies contiguous to or adjoining a high school district of an incorporated city or town in any county, may be annexed to, consolidated and merged with said high school district of such incorporated city or town; . . . and such merged, consolidated and combined district shall take the name and thereafter be known by and under the same name as the high school district of such incorporated city or town; . . . Whenever a union high school district shall be annexed to, consolidated and merged with a high school district of an incorporated city or town as hereinbefore provided, the governing power and control of such union high school district shall thereafter be merged and vested in the board of education or board of school trustees of such incorporated city or town.'' Section 1734a, as added by Stats. 1919, page 396, relating to the annexation of elementary school districts to high school districts, provides: ''Whenever an elementary school district is annexed under the provisions of this section to any high school district having the same boundaries as a single elementary school district, except a city high school district, such high school district shall thereafter constitute a union high school district, and shall be governed by a high school board elected according to the provisions of sections one thousand seven hundred thirty and one thousand seven hundred thirty-one of the Political Code. . . . Whenever one or more elementary

school districts are annexed under the provisions of this act to a city high school district, such annexation shall be for high school purposes only. Such territory shall be deemed a part of said city for the purpose of holding the general municipal election at which any member of the board of education is to be elected, . . . the qualified electors of which shall vote only for the board of education, and such territory shall be deemed to be a part of said city high school district for all matters connected with the high school thereof." Under the provisions of sections 1729 and 1734a, large numbers of school districts might be annexed to a city high school district, and in such case the provisions of section 1732, authorizing the county superintendent to call an election, taken literally, would be applicable, but the legislature, in sections 1729 and 1734a, was careful to provide that the city board of education should constitute the high school board, thus recognizing the value of unity of control in city school systems.

If section 1732 be held applicable in cases such as this, then great inconsistencies will result. Assuming the soundness of petitioner's contention, if a union high school district shall be hereafter annexed to the enlarged district under the provisions of section 1729, the school will continue to be a union high school, over which the city board of education will have no control; if, however, such union high school had been so annexed prior to the annexation here in question, the control thereof would continue to be vested in the city board, for in that case, the high school district having been already composed of more than *one* ele-. mentary district, the latter annexation would not have increased the number of districts from "*one* to two or more." Composed of the same identical elementary districts, in the instances mentioned, the management of the high school would be vested in the one board or the other, depending upon the order of annexation. Upon the annexation under section 1734b of a single small elementary district to a populous city high school district, to which no elementary district had theretofore been annexed, the control of the high school would pass to another board, composed, perhaps, of different persons, while, upon the annexation, under the same section, of any number of school districts to a small city high school district, to which an elementary district

58 Cal. App.—13

had theretofore been annexed, the city board of education would retain control. Without questioning the power of the legislature to provide for such inconsistent results, an intention to so provide should not be imputed unless imperatively necessary. It may be that under the provisions of section 1727, upon the petition of "a majority of the heads of families, or a majority of the electors residing in each of two or more contiguous school districts," one of them being a city school district, such districts can be formed into a union high school district, over which the city board of education will have no control. Such high school district, however, can be formed only by affirmative action of a majority of the heads of families or a majority of the electors of the city school district, whereas such heads of families or electors have no voice in the annexation provided for by section 1734b.

Petitioner urges that the provisions of sections 1729 and 1734a, which place a city high school district, enlarged by the annexation thereto of a school district or a union high school district, under the control of the city board of education, are not general in their application but limited to the cases therein mentioned. Those sections, however, are indicative of the general legislative policy to place every high school district of which a city, except one of the sixth class, forms a part under the control of the city board of education. Prior to the enactment of section 1734b, it is clear that the provisions of section 1732 had no application to a city high school district where enlarged by the annexation of outside school districts thereto. It is not to be presumed that by the enactment of section 1734b, which is silent as to the governing board of the enlarged district for which provision is made, the legislature intended to depart from the uniform course theretofore pursued of placing the control of city high school districts in the boards of education thereof.

While those provisions of section 1732 hereinbefore quoted, taken literally, are sufficiently comprehensive to include city high school districts, the other parts of the section indicate that such was not the intention. That section provides for three contingencies: 1. An increase in the number of school districts in a union high school district; 2. A change from a district high school to a union

high school; 3. A change from a union high school to a district high school. In the first contingency, no change is made in the governing board. In the second, a new high school board must be elected. In the third, the management of the high school is vested in the trustees of the elementary school district. The changes provided for may be brought about by annexation of elementary school districts to or their exclusion from high school districts or by the division or consolidation of elementary districts included in high school districts. It is thus seen that there may be a full application of all the provisions of section 1732 without reference to city high school districts. Manifestly the first provision can have no application to such a district. Throughout the school law the governing board of a city school district is designated as either the ''board of education'' or the ''board of education or board of school trustees of such incorporated city or town.'' The omission to employ such designation in section 1732 and the use of the term ''school trustees'' therein indicate that it was not intended to make that section applicable to city high school districts. Neither the term ''city school district'' nor ''city high school district'' is mentioned in that section, the words ''school district'' and ''union or joint union high school district'' being used.

It is contended that, since the city board of education has control of the elementary schools of the city, with which schools the outside districts have no concern, it would be violative of sections 11 and 21 of article I, section 25 of article IV, and section 12 of article XI of the state constitution to permit electors of such outside districts to vote for members of the city board of education. While it is not necessary to decide the question thus raised, the only question involved here being whether the county superintendent was authorized to call an election for or to appoint members of the high school board, it may be remarked in passing that elsewhere in our laws electors are permitted to vote for officers, with a part of whose duties such electors have no direct concern. Thus boards of supervisors have control of roads outside of municipalities and levy taxes on such outside territory for the construction and maintenance of such roads. Electors within municipalities vote at elections for supervisors and, in many counties, they may

elect a majority of the members of the board, though property inside of the municipality is not taxed for such road purposes. It is also contended that section 1734b is unconstitutional. If so, the county superintendent was without authority to appoint the high school board. If the section is constitutional and the views herein expressed are sound, then equally he was without authority to appoint. Others who are not represented in this proceeding are interested in and entitled to be heard on the question of the validity of the law, and such question ought not to be passed on here, when not necessary to a decision of the issues presented.

If it be conceded that, by the annexation, Chico High School District was transformed into a union high school district and that the provisions of section 1732 thereupon became applicable, it does not appear by what authority the appointment of a high school board was made. Section 1730 provides that when a union high school district has been established the county superintendent shall call an election for the "purpose of electing a high school board"; and that at such election "one member shall be elected to hold office from the day of receiving his certificate of election until the first day of May, next succeeding; two members shall be elected to hold office from the day of receiving their certificate of election until the first day of the second succeeding May; and two members shall be elected to hold office from the day of receiving their certificates of election until the first day of the third succeeding May." By section 1732 the county superintendent is authorized, upon an increase in the number of school districts in a high school district from one to two or more, to call an election for a high school board as provided in section 1730. The duty of the superintendent, in a proper case, is plain,—to call an election as the law provides. It does not appear by what authority he may appoint members of the high school board instead of calling an election as the law requires.

The petition is denied.

Burnett, J., and Hart, J., concurred.