[Civ. No. 41487. First Dist., Div. Two. Apr. 16, 1979.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATIÓN,
Plaintiff and Appellant, v.
NEW HAVEN UNIFIED SCHOOL DISTRICT,
Defendant and Appellant.

920

## COUNSEL

Robert L. Blake, William D. Dobson, Madalyn J. Frazzini, Charles L. Morrone and David B. Palley for Plaintiff and Appellant.

Richard J. Moore, County Counsel, and William E. Rundstrom, Deputy County Counsel, for Defendant and Appellant.

## OPINION

**MILLER, J.**—In its August 19, 1975, regular meeting, the Governing Board of New Haven Unified School District (hereafter District) adopted a 1975-1976 school calendar which included two "board holidays": January 15, 1976, Martin Luther King Day, and May 5, 1976, Cinco de Mayo. The holidays were adopted as holidays solely for teachers and students. Classified employees were required to work on the two holidays and received no additional compensation. California School Employees Association (hereafter Association) then filed a petition for writ of mandate seeking holiday pay for the two holidays for classified employees of the District. Through stipulations and admissions, the issues were narrowed to the question of the rate of holiday pay and the question of which party had the right to make the election between monetary compensation and compensating time off.

The court below concluded (1) that the classified employees were entitled to the two holidays pursuant to Education Code section 13656; (2) that pursuant to the same statutory authority, those classified employees who worked on the holidays were entitled to either get paid compensation in the amount of one and one-half times the regular rate of pay, or compensating time off at the rate of one and one-half days for each holiday worked in addition to the regular pay for such days; and (3) that it was within the discretion of the governing board of the District to determine whether classified employees who worked on January 15, 1976, or May 5, 1976, "will receive monitary [*sic*] compensation or compensating time off." Judgment was entered in favor of the Association, and both sides appeal.

At the time of the hearing, Education Code section 13656, now section 45203, provided in pertinent part:

"All employees a part of the classified service shall be entitled to the following paid holidays provided they are in a paid status during any portion of the working day immediately preceding or succeeding the holiday . . . any day declared a holiday under Section 877 or 5202 for classified or certificated employees. . . .

". . . . . . . . . . . . . . . . . . . . . . . . .

". . . When a classified employee is required to work on any of said holidays, he shall be paid compensation, or given compensating time off, for such work, in addition to the regular pay received for the holiday, at the rate of time and one-half his regular rate of pay.

". . . Notwithstanding the adoption of separate work schedules for the certificated and the classified services, on any schoolday during which pupils would otherwise have been in attendance but are not and for which certificated personnel receive regular pay, classified personnel shall also receive regular pay whether or not they are required to report for duty that day."

■ The clear language of the statute provides that the additional rate of compensation for working on a holiday, in addition to regular pay, is time and one-half. Thus, where the classified employee works the holiday, that employee is entitled to one and one-half days off. (Cf. *Mannetter* v. *County of Marin* (1976) 62 Cal.App.3d 518, 521 [133 Cal.Rptr. 119].) The District's eisegetical interpretation of the statute perverts its clear language. ■ "In general, a court should not look beyond the plain meaning of a statute when its language is clear and unambiguous, and there is no uncertainty or doubt as to the legislative intent. (*Wallace* v. *Department of Motor Vehicles* (1970) 12 Cal.App.3d 356, 360 [90 Cal.Rptr. 657].)" (*Teachers Management & Inv. Corp.* v. *City of Santa Cruz* (1976) 64 Cal.App.3d 438, 446 [134 Cal.Rptr. 523].) ■ In the absence of any showing of legislative intent to the contrary by the District, we must conclude that where employees received compensating time off, they were entitled to one and one-half days off in addition to the regular pay for the holiday worked. Where employees received compensating wages for the holiday worked, they were entitled to paid compensation in the amount of one and one-half times the regular rate of pay in addition to the regular pay for the holiday.

The trial court found that the governing board of the District should determine whether classified employees who worked on the holidays would receive paid compensation or compensating time off. Inasmuch as

section 13656 is silent as to the party to make the election, it is appropriate to analogize to the situation of unpaid sick leave. *Van Riessen v. City of Santa Monica* (1976) 63 Cal.App.3d 193 [133 Cal.Rptr. 618], hearing denied, held that since petitioners failed to show the existence of any ordinance, resolution or memorandum of understanding which specifically or otherwise provided for a cash payment to any petitioner in lieu of accumulated sick leave days, their petition was correctly denied. ■ The court's language found at pages 199-200 is relevant:

"A 'public employee is entitled only to such compensation as is expressly provided by statute or ordinance regardless of the extent of services actually rendered. [Citations.]' (*Markman v. County of Los Angeles*, 35 Cal.App.3d 132, 135 [110 Cal.Rptr. 610].) It is 'the settled rule that compensation for official services depends entirely upon the law; that statutes relating to such compensation are strictly construed in favor of the government; that a public officer may only collect and retain such compensation as is specifically provided by law, and that any money paid by a governmental agency without authority of law may be recovered from such officer.' (*County of San Diego v. Milotz*, 46 Cal.2d 761, 767 [300 P.2d 1].)

"Petitioners point to 'may be further regulated by resolution or Memorandum(s) of Understanding' found in subdivision 'b' of the amendment of 1971 and urge that the word 'further' 'leaves the presumption that it [payment in lieu of unused days] already has been provided for in the Code'—but, contrary to their assumption, they fail to point out any provision elsewhere in the municipal code which makes provision for payment in lieu of unused sick leave days. Their argument in this respect is therefore without merit.

"We hold that absent some specific statutory or other lawful authorization a cash payment for accumulated sick leave, like overtime work, is not allowed. (*Martin v. Henderson*, 40 Cal.2d 583 [255 P.2d 416]. See also *La Deaux v. County of Alameda*, 256 Cal.App.2d 261 [63 Cal.Rptr. 796].) Petitioners cite and rely upon cases involving vacation or holiday work (*Tevis v. City & County of San Francisco*, 43 Cal.2d 190 [272 P.2d 757]; *Adams v. City of Modesto*, 53 Cal.2d 833 [3 Cal.Rptr. 561, 350 P.2d 529]; *Pohle v. Christian*, 21 Cal.2d 83 [130 P.2d 417], considered in *Martin v. Henderson, supra*, 40 Cal.2d at p. 588). In each of these cases there were statutory or lawful regulations granting a right to payment which is inapposite to the case at bench."

In the case before us, the statute provides for pay *or* time off. Under the circumstances, the trial court did not err in concluding that the election rested with the governing board of the District.

We deem Association's argument with respect to the time of making the election between pay and time off inappropriate in light of the record before this court.

Judgment affirmed. Each party to bear its own costs on appeal.

Taylor, P. J., and Kane, J., concurred.

A petition for a rehearing was denied May 16, 1979, and the opinion and the judgment were modified to read as printed above.