129 Cal.App.3d 785 (1982)
181 Cal. Rptr. 1
CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION, Plaintiff and Appellant,
v.
SANTEE SCHOOL DISTRICT, Defendant and Respondent.
Docket No. 22394.
Court of Appeals of California, Fourth District, Division One.
March 16, 1982.
*786 COUNSEL
Peter A. Janiak, Madalyn J. Frazzini, E. Luis Saenz, Maureen C. Whelan and Siona D. Windsor for Plaintiff and Appellant.
Donald L. Clark, County Counsel, and Anthony Albers, Chief Deputy County Counsel, for Defendant and Respondent.
OPINION
COLOGNE, J.
This action by California School Employees Association (CSEA) was instituted on behalf of certain classified school employees[1] for declaratory relief and to recover compensation for two holidays, Labor Day 1976 and Admission Day 1976. The superior court determined the defendant Santee School District was obliged to pay holiday pay for Admission Day 1977 but not for Labor Day or Admission Day 1976. CSEA appeals.
Labor Day was on Monday, September 6, 1976, and Admission Day was on September 9, 1976. The teachers at the Santee School District *787 officially reported for duty on Tuesday, September 7, 1976, to prepare for the opening of the regular school year the following Monday.
During the summer, the media center specialist resigned and the Prospect Avenue school was without media center assistants to check out materials to the teachers. Certain of the classified employees were requested, but not required, by the principal to perform their work of special "as needed" services in the school's media center. They were paid for this work. Two of the employees worked Tuesday, September 7, Wednesday, September 8, and Friday, September 10. Others worked on September 8 or September 10, or both days.
(1) The employees did not receive pay for Labor Day, September 6, and Admission Day, September 9, and we are asked to determine whether they are entitled to compensation for the holidays in question.
At the outset, we should state the failure to file individual grievances does not bar the claims of the other claimants. Under the facts of this case and the finding by the superior court that the issue had been brought to the attention of the board by one claimant and rejected, "it would have been futile for Plaintiff to exhaust administrative remedies requesting holiday pay...." We hold, and the district apparently concedes by its failure to address this issue in its appellate brief, there is no merit to the argument claimants have not exhausted their administrative remedies (see Huntington Beach Police Officers' Assn. v. City of Huntington Beach (1976) 58 Cal. App.3d 492, 499 [129 Cal. Rptr. 893]).
Former Education Code[2] section 13656, as applicable to the facts at hand (now § 45203), read in part: "All employees a part of the classified service shall be entitled to the following paid holidays provided they are in a paid status during any portion of the working day immediately preceding or succeeding the holiday: January 1, February 12 known as `Lincoln Day,' the third Monday in February known as `Washington Day,' the last Monday in May known as `Memorial Day,' July 4, the first Monday in September known as `Labor Day,' September 9 known as `Admission Day,' ..." (Stats. 1974, ch. 1257; italics added.)
*788 The language of this section is unambiguous and requires no search for legislative intent to tell us when the employee works the day immediately preceding or succeeding the holidays for pay, he or she is entitled to compensation for that holiday. There is no language limiting the application of this section to the regular school year or to employees required to work as opposed to voluntarily working at the request of the board or providing any other qualifying language.
While we are not obliged to apply literally all the various portions of the Education Code when they would present conflict or confusion (Horton v. Whipple (1922) 58 Cal. App. 189, 190 [208 P. 356]), we find nothing in the code which would suggest conflict or confusion. Examination of the history of section 13656 does not lead to a contrary understanding. If anything, it makes clear that the particular workweek is not the operating factor in determining whether compensation must be made for holidays. The change in the language of the section[3] makes clear the Legislature intended payment to be made on the basis of the employees for pay on either the day before or the day after the specific holiday, regardless of the "workweek."
Moreover, there can be no question the employees involved here were in a "paid status." Section 45102 (formerly § 13580.5), relating to assignment of classified employees to serve between the end of one academic year and the commencement of another, requires a classified employee shall receive for such services, on a pro rata basis, "not less than the compensation and benefits which are applicable to that classification during the regular academic year." As persons entitled to these rights of compensation and benefits and working for pay, the employees under consideration were in a "paid status."
There is no evidence here of any waiver by the employees of their statutory right to compensation (see City of Ukiah v. Fones (1966) 64 Cal.2d 104, 107-108 [48 Cal. Rptr. 865, 410 P.2d 369]). Voluntarily working for compensation for the district at the request of the principal *789 certainly is not a waiver of any statutory rights and to hold otherwise would be to open the door to possible loss of a myriad of employee rights. We are reluctant to take that route.
Judgment reversed.[4]
Brown (Gerald), P.J., and Staniforth, J., concurred.
NOTES
[1] Generally, classified employees are those employees of the school district whose positions do not require certification (see Ed. Code, §§ 45103, 45256; cf. certificated employees).
[2] All statutory references are to the Education Code unless otherwise specified.
[3] In 1967, the Legislature substituted the present phrase "provided they are in a paid status during any portion of the working day immediately preceding or succeeding the holiday" for the phrase "provided such holidays fall during the normal workweek of the employee." (Stats. 1967, ch. 578.)

The Legislative Counsel's Digest reflecting this change states: "Provides that classified school employees are entitled to paid holidays if they are in a paid status during any portion of the working day immediately preceding or succeeding the holiday rather than only if the holiday falls during the normal workweek of the employee."
[4] Since the employees in question did not work on the holidays, it is not necessary to address the amount of compensation they would be entitled to for labor on those days (see California School Employees Assn. v. New Haven Unified School Dist. (1979) 91 Cal. App.3d 919, 921-922 [154 Cal. Rptr. 479]).