[Civ. No. 28907. First Dist., Div. Two. Feb. 28, 1972.]

FRANK JOHNSON, Plaintiff and Respondent, v.
CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT et al.,
Defendants and Appellants.

**COUNSEL**

John B. Clausen, County Counsel, and Silvano Marchesi, Deputy County Counsel, for Defendants and Appellants.

Marcus & Ury and Maurice S. Marcus for Plaintiff and Respondent.

**OPINION**

**TAYLOR, P. J.**—This is an appeal by the Fire Protection District, Director of Personnel and Auditor of Contra Costa County (hereafter County), from a judgment granting respondent Frank Johnson's petition for a writ of mandate directing the issuance of holiday pay pursuant to Labor Code

section 4850. Appellants contend that: 1) the trial court erred in concluding that County Ordinance No. 1835 did not provide for the withholding of Johnson's holiday pay; and 2) mandamus is not the proper remedy.

The facts are not in dispute. Respondent Johnson, while employed as a fireman in a shift position by appellant district, sustained an injury on October 30, 1967. At the time, Johnson was a member of the County Employees' Retirement System. Subsequently, the Workmen's Compensation Appeals Board found that his injury arose out of and in the course of his employment, and that he was totally disabled commencing October 31, 1967, and indefinitely thereafter.

Pursuant to Labor Code section 4850,[1] Johnson was paid, in lieu of temporary disability payments, his full salary, except the holiday pay that a fireman in a shift position would have received between October 31, 1967, and October 30, 1968.[2]

The court found that pursuant to Labor Code section 4850, Johnson had the status of a shift position workman, and was entitled to pay for the holidays, pursuant to County Ordinance No. 1835,[3] even though he was not on the rolls of appellant district on the days preceding the holidays, as required by the same ordinance.

Appellants argue that Johnson was not entitled to the holiday pay as he failed to meet all of the conditions set forth in the last sentence of the ordinance quoted below. We cannot agree. The trial court's interpretation is consistent with the principles set forth in *Hawthorn* v. *City of Beverley Hills*, 111 Cal.App.2d 723, at pages 727-728 [245 P.2d 352]:

---

[1]So far as here pertinent, Labor Code section 4850 states: "Whenever any . . . county fireman . . . subject to the County Employees Retirement Law of 1937 . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, . . ."

[2]The holidays in question are November 23, 1967, December 25, 1967, January 1, 1968, February 12, 1968, February 22, 1968, June 11, 1968, July 4, 1968, September 2, 1968, and September 9, 1968.

[3]The ordinance provides: "Employees occupying shift positions shall receive, in lieu of holidays falling within the period of their employment, twelve hours overtime credit for each holiday (Government Code Section 6700), celebrated by employees in the normal forty hour per week Monday through Friday schedule. To be eligible for such holiday credit, an employee must have been on the rolls of the County Fire Protection District in a shift position on the day preceding the holiday and must have worked at least one shift succeeding the holiday. Non-shift employees shall be governed by the same holiday compensation and time off procedures as apply to County employees."

■ "The Workmen's Compensation Act embodies a complete and exclusive code of laws on the subject. It is to be liberally construed with the purpose of extending its benefits for the protection of persons injured in the course of their employment. ■ The act must be taken as a whole, and scrutiny is not confined to the particular section under review. All are parts of a connected whole and the several sections are to be read in connection with every other section. Section 4850 is to be given effect, if possible.

"The Workmen's Compensation Act is division IV of the Labor Code. 'Compensation' means compensation under division IV and includes every benefit or payment conferred by that division upon an injured employee. Part 2 of division IV treats of computation of compensation. Chapter 2 of part 2 (§§ 4550-4854) is titled 'Compensation Schedules.' Section 4550 provides that where liability for compensation exists under the act, such compensation shall be furnished or paid by the employer and shall be as provided in chapter 2, which includes section 4850 that defendants say is unconstitutional.

"Article 3 of chapter 2 contains a schedule of temporary and permanent disability payments. Article 7 of chapter 2 of division IV (§§ 4850-4854) treats of payments to city policemen and city firemen who are members of the State Employees' Retirement System. Section 4850 provides that if a city policeman or city fireman who is a member of the system is disabled by injury or illness arising out of and in the course of his duties he shall be entitled to leave of absence while so disabled 'without loss of salary, in lieu of disability payments under this chapter, for the period not exceeding one year.' As we have noted 'this chapter' is chapter 2, titled 'Compensation Schedules.' Section 4851 imposes the duty on the Industrial Accident Commission to determine whether the disability referred to in section 4850 arose out of and in the course of duty, and, in a disputed case, to determine when such disability ceases. Section 4852 provides that the provisions of article 7 do not diminish or affect the right of such employee to the medical, surgical, and hospital benefits prescribed by division IV. Section 4853 provides that whenever such disability of a city policeman or city fireman continues for a period beyond one year he shall thereafter be subject, as to disability indemnity, to the provisions of division IV other than section 4850 during the remainder of the period of his disability or until the effective date of his retirement under the State Employees' Retirement Act, and the leave of absence shall continue. Section 4854 provides that no disability indemnity shall be paid to such policemen or firemen concurrently with wages or salary payments.

■ "The term 'compensation' is a technical one and includes all pay-

ments conferred by the act upon an injured employee. ■ 'Compensation' of an employee in the form of wages or salary for services performed, does not have the same meaning as the word 'compensation' in the Workmen's Compensation Act. The former is remuneration for work done; the latter is indemnification for injury sustained. ■ Wages and salary may, under some circumstances, be paid as compensation in lieu of the normal temporary disability payments prescribed by the act. Such payments do not constitute salary or gratuities, but are payments of compensation under the act."

■ In *Hawthorn,* the county was prevented from changing an injured fireman's status by retiring him after his 55th birthday. Similarly, here, appellants could not change Johnson's status from that of a shift worker to a nonshift worker to eliminate his holiday pay. Appellants admitted that their administrative practice pursuant to County Ordinance No. 1835 was that firemen occupying shift positions and who worked at least one shift succeeding such holiday were authorized and paid holiday benefits with respect to holidays on which such employees (a) were not on duty for the reason that it was their off shift, (b) were not on duty for the reason that they were on vacation. Thus, the trial court's interpretation of the ordinance is also consistent with the admitted contemporaneous administrative practices.

Also in accord are *Hostetter* v. *City of Los Angeles,* 241 Cal.App.2d 397 [50 Cal.Rptr. 526] (wherein the city was prevented from making the 6 percent pension fund deduction from the full salary paid to a disabled fireman in lieu of temporary disability benefits pursuant to Lab. Code, § 4850), and *Austin* v. *City of Santa Monica,* 234 Cal.App.2d 841 [44 Cal. Rptr. 857] (wherein the court held that the term "salary" as used in Lab. Code, § 4850, included the entire compensation, including fringe benefits, such as sick leave).

The reasoning behind this liberal interpretation of Labor Code section 4850 was explained in 51 Ops.Cal.Atty.Gen. 32, at page 35, as follows: "Since these occupations [policemen and firemen] require personnel to risk injury regularly, the net effect in the absence of section 4850 would be to reduce the fringe benefits of police and fire personnel compared to other less risky government positions. Without section 4850, for instance, a fireman injured in the course of firefighting could find himself charged sick leave while being treated in a doctor's office. Because such temporary disabilities are common in these occupations, and because section 4652 denies temporary disability payments for injuries resulting in disabilities of less than eight days' duration, policemen and firemen could well be forced to

expend all their sick leave on the burns and bruises that are their frequent lot."

Appellants' contention that mandamus is not the proper remedy was likewise answered in *Hawthorne,* as follows, at page 731: "Mandamus is a proper remedy. The act of defendants' complying with section 4850 is purely ministerial. Under the Workmen's Compensation Act the Industrial Accident Commission is vested with jurisdiction to determine whether the liability referred in section 4850 arose out of and in the course of duty. It has so determined. It is without jurisdiction to enforce the liability. The liability is enforcible by the courts under section 21 of article XX of the Constitution. Where there is no room for discretion in the performance of an act which the law specifically enjoins as a duty resulting from an office, mandamus is proper."

As Johnson is here entitled to his holiday pay, the writ was properly issued (*McDaniel* v. *City etc. of San Francisco,* 259 Cal.App.2d 356, 360 [66 Cal.Rptr. 384]; *Ross* v. *Board of Education,* 18 Cal.App. 222 [122 P. 967]; *Tevis* v. *City & County of San Francisco,* 43 Cal.2d 190, 198 [272 P.2d 757]).

The judgment is affirmed.

Kane, J., and Rouse, J., concurred.