[Civ. No. 34515. First Dist., Div. Four. Feb. 7, 1975.]

PAUL SMITH, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
CITY OF OAKLAND, Respondents.

COUNSEL

Davis, Cowell & Bowe and John H. Cohenour for Petitioner.

David A. Self and Edward A. Goggin, City Attorneys, and Kenneth R. Ogren, Deputy City Attorney, for Respondents.

## OPINION

**RATTIGAN, Acting P. J.**—In a decision after reconsideration, respondent board denied petitioner Paul Smith's application for benefits claimed to be due him, under the workmen's compensation law, by reason of an injury alleged to have been incurred in the course of his employment by respondent City of Oakland (hereinafter "the city," or "respondent city").

*Facts*

Petitioner became employed by the city as a fireman in June 1946, and worked full-time as such until 1971. In or before that year (but in any event by July 1, 1971), he became disabled as the result of an industrially caused back condition. At that time and at all pertinent times, section 1519 of respondent city's charter entitled him to receive full pay, and other benefits, "during the continuance of his disability" or until such time as he might "be retired on a pension."[1] At the same time, charter section 2610, subdivision (a), permitted him to retire on the basis of the back disability if it continued "without interruption for one (1) year," and thereupon to receive disability retirement benefits computed according to his years in service.[2]

Commencing July 1971, and by reason of his back condition, petitioner entered into the full-pay disability status contemplated by charter section 1519. The physician who had been treating him for the back problem had told him that it would not permit him to return to work as a fireman and that corrective surgery was not possible. Petitioner therefore moved from his previous residence in Oakland to Clearlake Highlands, California, anticipating that he would spend a full year in disability status pursuant to charter section 1519 and that, having 28 years of service behind him, he would retire at the year's end on the basis

[1]As used herein, the term "charter section" refers to a designated section of the city's charter; unless otherwise indicated, the unmodified term "section" refers to the Labor Code. Charter section 1519 provides as follows:

"1519. Any member of the Fire Department sustaining an injury while in the performance of his duty shall be entitled to receive, in addition to the sick leave provided for, such medical, surgical and hospital treatment including nursing, medicines, medical and surgical supplies, crutches and apparatus, including artificial members, as may be required during the continuance of his disability, the same to be provided for by the City; and the Council shall allow the member so injured full pay during the continuance of his disability or until such time as he may be retired on a pension."

[2]"2610. (a) Any member of the Police or Fire Department who becomes incapacitated for the performance of duty by reason of any injury received in, or illness caused by or arising out of the performance of duty and which disability continues without interruption for one (1) year, may be retired, and, if not qualified for service retirement shall receive a retirement allowance equal to seventy-five (75%) per cent of the compensation attached to the average rank held by such member during the one (1) year immediately preceding such retirement. Such retirement allowance shall be paid until the date upon which said member would have qualified for service retirement had such member rendered service without interruption, and on and after said date said retirement allowance shall be equal to the retirement allowance said member would have received if retired for service on said date, based on the compensation attached to the average rank held during the one (1) year next preceding retirement. If at the time of retirement for disability, the member is qualified for retirement for service, said member shall receive a retirement allowance computed under the provisions of Section 2608."

of his back disability and pursuant to charter section 2610, subdivision (a). This prospect materialized: he received full salary from July 1, 1971, through June 30, 1972, as provided in charter section 1519, and was retired pursuant to section 2610, subdivision (a), commencing July 1, 1972.

During May 1972 (the eleventh month of his one-year disability status which preceded his retirement), petitioner noticed a swelling (or "lump") in his left groin. He immediately consulted a physician in Clearlake Highlands. The physician diagnosed the newly observed condition as a "left inguinal hernia," scheduled corrective surgery, and performed it in a Lake County hospital on June 6, 1972.

Petitioner then applied to respondent board for reimbursement of self-procured medical expenses, consisting of the cost of the hernia surgery and of his attendant hospitalization, pursuant to the workmen's compensation law. At a hearing conducted before a board referee, petitioner showed the above-summarized facts; respondent city (which is self-insured for workmen's compensation purposes) offered no medical evidence to the effect that the hernia did *not* arise in the course of his employment.

The referee filed a written "Opinion On Decision," stating that "[t]here is no medical opinion which attributes the left inguinal hernia to employment activity," but that "since the hernia became manifest 'during the period while the officer is in the service' . . . it is presumed to arise out of and in the course of the employment" by reason of the pertinent provisions of Labor Code section 3212.[3] "Findings And [an] Award" in petitioner's favor were made accordingly, awarding him reimbursement by respondent city in the amount of $1,012.71.

The city petitioned respondent board for reconsideration, contending (among other things not pertinent here) that the presumption raised by

---

[3]As pertinent, the cited statute provides:

"3212. In the case of members of . . . fire departments of cities . . . , the term 'injury' as used in . . . [the workmen's compensation] . . . act includes hernia when any part of the hernia develops or manifests itself . . . while such member is in the service in such . . . department . . . . The compensation which is awarded for such hernia . . . shall include full hospital, surgical, medical treatment, disability indemnity, and death benefits, as provided by the workmen's compensation laws of this state.

"Such hernia . . . so developing or manifesting itself in such cases shall be presumed to arise out of and in the course of the employment. This presumption is disputable and may be controverted by other evidence, but unless so controverted, the appeals board is bound to find in accordance with it. . . ."

Labor Code section 3212 was inapplicable because petitioner was not "in the service" of the city's fire department when the hernia manifested itself. The board adopted this position in its decision after reconsideration, stating in pertinent part: "In this case it has not been persuasively established that . . . [petitioner's] . . . hernia developed or manifested itself during a period while he was *in the service* of the City of Oakland and therefore he is not entitled to the presumption of Labor Code § 3212 that his hernia is compensable. Without such presumption there is no convincing evidence to support . . . [petitioner's] . . . contention that his hernia is of industrial origin." (Italics added.)

■ The board accordingly held in its decision that petitioner take nothing. We have concluded that the board was in error.

As squarely expressed by the referee, and by the board in its decision after reconsideration, the question is whether petitioner was "in the service" of the city's fire department, within the meaning of Labor Code section 3212, while he was on disability status for one year pursuant to charter section 1519. The manifest purpose of section 3212 is to favor a special class of employees whose service is vital to the public interest and whose strenuous work makes them especially vulnerable to the three conditions as to which the rebuttable presumption of industrial causation will operate: hernia, heart trouble, or pneumonia. (Cf. *Turner* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 442, 449 [65 Cal.Rptr. 825].) As the statute originally read when the Labor Code was enacted in 1937, it raised the presumption as to "hernia" alone, and only as to such hernia which developed or manifested itself while the affected city fireman was "in *active* service" (italics added) with the employing city. (Stats. 1937, ch. 90, p. 185 et seq., § 3212, p. 266.) The 1939 Legislature amended the section so as to extend the presumption to "heart trouble" and "pneumonia" in the case of a fireman who was in "*actual* service" (italics added), but did not change the 1937 language as to "hernia" and "active" service. (Stats. 1939, ch. 256, § 1, pp. 1511-1512.) The Legislature deleted the "actual" service requirement in 1945 as to "heart trouble" and "pneumonia" (Stats. 1945, ch. 742, § 1, p. 1428), and the "active" service requirement, as to "hernia," in 1947. (Stats. 1947, ch. 1210, § 1, p. 2721.)

The Legislature's action in eliminating the "*active* service" (or "*actual* service") factor as a prerequisite of the statutory presumption was regarded as critically significant in a subsequent decision presenting a factual situation which was similar to petitioner's except that it involved

the "heart trouble" provisions of section 3212. (*City & County of S. F. v. Ind. Acc. Comm.* (1956) 142 Cal.App.2d 494 [298 P.2d 651].) In that case, a city fireman died of a heart attack which occurred on the day following the end of his absence from duty on vacation but before he had actually returned to work. (*Id.,* at pp. 496-497.) Affirming an award of death benefits to his widow under the workmen's compensation law, the reviewing court stated:

"We deem the statutory presumption [arising under section 3212] clearly applicable. No one doubts that the employee was a 'member of the fire department' at the time of the heart attack. [4] We think, also, he was 'in the service of such department' at that time. The fact that the employee had just completed his vacation and had not yet reported back on the job does not convince us that the seizure occurred during a break in 'service'; *no more than if it had happened after hours or upon a day off. It would not be reasonable to ascribe to the Legislature an intent to limit the expression 'during a period while such member is in the service of such department' to the times when a person is actually at work in such service, especially in view of the fact that until 1945 the statute said 'in actual service in such department' when the Legislature amended it to read 'in the service of such department.'* (Stats. 1945, ch. 742, p. 1428.)" (*City & County of S. F.* v. *Ind. Acc. Comm., supra,* 142 Cal.App.2d 494 at p. 498 [italics added].)

The Legislature took identical action as to hernia cases in 1947, when (as previously stated) it amended section 3212 to read "in the service in such . . . department" instead of "in active service in such . . . department." (Stats. 1947, ch. 1210, § 1, p. 2721.) During petitioner's one-year disability status pursuant to charter section 1519 (quoted in fn. 1, *ante*), he had not retired from the city's fire department. The language of that section which required that he receive full pay and other benefits "during the continuance of his disability" (see *ibid.*) indicates that he could have been recalled to active duty, at any time during the year, if his back condition had permitted.

Petitioner received full pay throughout the year, as charter section 1519 provided. It has been held that a publicly employed fireman in similar disability status, granted him under the comparable provisions of Labor Code section 4850 rather than under a controlling city charter

---

[4]This fact is also undisputed in the present proceeding. Respondent city expressly concedes that petitioner was a "member" of its fire department throughout his one-year disability status, but maintains that he was not "in the service" of the department during that period.

provision as in the present case,[5] is even entitled to pay for holidays he did not take from work he was not performing. (*Johnson v. Contra Costa County Fire Protection Dist.* (1972) 23 Cal.App.3d 868, 871-874 [100 Cal.Rptr. 561].) This is so although section 4850 expressly provides that a fireman in work-connected disability status is on "leave of absence" (see fn. 5, *ante*), which may be read as importing some kind or degree of separation, or at least "absence," from "service." Such **term does not** appear in respondent city's charter section 1519 (see fn. 1, *ante*), according to the express language of which petitioner was not literally on "leave of absence" from "service" during the period of his disability status.

Arguing that he was nevertheless not "in the service" of the fire department during that period, within the meaning of Labor Code section 3212, the city emphasizes that he physically moved from Oakland to Clearlake Highlands, that he intended to retire permanently at the end of the period, and that the hernia manifested itself when the period had almost expired. These matters are extraneous to the legal issue of statutory interpretation presented. If the phrase "in the service in such . . . department" (§ 3212, quoted in fn. 3, *ante*) were interpreted to exclude petitioner by reason of his disability status, it would necessarily exclude someone in whom a hernia "manifests itself" under very different circumstances. For example, such interpretation would mean that a veteran city fireman who experienced such manifestation while on a one-week disability status for a minor work-related condition—such as a sprained wrist—would be denied the benefit of the section 3212

[5]In the "Opinion On Decision" which resulted in petitioner's being awarded benefits in the first instance, the referee indicated his impression that petitioner was on disability status pursuant to Labor Code section 4850 when the hernia manifested itself. The board quoted the referee to this effect, also mentioning section 4850 in its decision after reconsideration. These references, and some imprecise references to the same statute in the petition filed with this court, prompted us to query the parties concerning the status applicability in this proceeding. In correspondence with the court, they have agreed in effect that the referee's impression was mistaken but of no significance, that petitioner's disability was controlled by charter section 1519 alone, and that Labor Code section 4850 has no application in this proceeding because petitioner is not subject to either of the two retirement systems whose members it reaches. Because we refer to it herein by way of comparison, we quote the pertinent language of section 4850 as follows (italics added):

"4850. Whenever any . . . city fireman . . . who is a member of the Public Employees' Retirement System . . . is disabled, whether temporarily or permanently, by injury or illness arising out of or in the course of his duties, he shall become entitled . . . to *leave of absence* while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability, but not exceeding one year, or until such earlier date as he is retired on permanent disability pension. . . ." (Compare the language of respondent city's charter section 1519, read in conjunction with charter section 2610, subdivision (a), as each is quoted in footnotes 1 and 2, *ante*.)

presumption although his return to active work had been contemplated, and would actually materialize, in a matter of days.

In enacting section 3212 and amending it to delete the "active" service requirement as to hernia cases, the 1947 Legislature could not have intended either the hypothetical result just mentioned (see *City & County of S. F. v. Ind. Acc. Comm., supra*, 142 Cal.App.2d 494 at p. 498) or the result which respondent board reached here. Labor Code section 3202 requires that " 'workmen's compensation statutes are to be construed liberally in favor of awarding compensation.' (Citations.)" (*Laeng* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 771, 778-779 [100 Cal.Rptr. 377, 494 P.2d 1].)

For the reason last mentioned, and under all the circumstances recited above, we hold that petitioner was "in the service" of respondent city's fire department, within the meaning of Labor Code section 3212, during the period of his disability status in which his hernia manifested itself; that the presumption raised by the statute therefore operates in his favor; and that, it not having been "controverted by other evidence, . . . the appeals board . . . [was] . . . bound to find in accordance with it." (§ 3212, quoted in fn. 3, *ante.*)

The benefits involved here consist of a lump-sum amount for self-procured medical expenses, which amount is not in itself disputed and which does not require rating or other evaluation by respondent board. Upon the remand hereinafter ordered, the board will accordingly reinstate the money award made by the referee and order its payment.

The take-nothing award is annulled. The cause is remanded to respondent board for further proceedings consistent with the views herein expressed.

Christian, J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.