[Civ. No. 37018. First Dist., Div. Two. Oct. 4, 1976.]

LANCE MANNETTER, Plaintiff and Appellant, v.
COUNTY OF MARIN, Defendant and Respondent.

## COUNSEL

Carroll, Burdick & McDonough and David R. Lipson for Plaintiff and Appellant.

Douglas J. Maloney, County Counsel, and Allen A. Haim, Chief Deputy County Counsel, for Defendant and Respondent.

## OPINION

**BRAY, J.**\*—Petitioner and appellant appeals from judgment of the Marin County Superior Court denying his petition for writ of mandamus.

### ISSUE PRESENTED

An employee of the sheriff's office is not entitled to compensation under section 4850 of the Labor Code for holiday pay not earned while on disability leave of absence.

### RECORD

Appellant filed a petition for writ of mandate to compel respondent to pay him the additional time and one-half overtime pay for the holiday of July 4, 1973. Respondent replied to the alternative writ by way of answer. A hearing was had and both sides submitted briefs. Findings of fact and conclusions of law were filed and the court discharged the alternative writ and denied the petition for writ of mandate. Appellant appeals.

### FACTS

Appellant is a deputy sheriff in the office of the Sheriff of Marin County. The collective bargaining agreement between the Marin County Deputy Sheriff's Association and the County of Marin provides in pertinent part that: "Employees shall be entitled to the following holidays with pay: . . . the fourth day of July; . . . [¶] An employee who is required to work on a day celebrated as a holiday as listed above shall be compensated at one and one-half time rates. . . ." Thus, an employee who works on a fourth of July receives his regular pay plus one and one-half time pay.

Appellant was assigned to work a regular shift of duty on July 4, 1973. However, on July 3, appellant suffered an injury to his right ankle resulting in temporary disability. It is not disputed that the injury arose out of and in the course of appellant's duties as a deputy sheriff. As appellant was on disability leave of absence pursuant to section 4850 of the Labor Code on July 4, he was unable to carry out his assignment and work that day. However, although appellant was paid his regular salary

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

for that day, he demanded of respondent additional compensation at time and one-half rate for July 4, although he did not work that day. Respondent refused the demand. Thereupon appellant filed his petition for writ of mandate to compel respondent to pay him the additional time and one-half overtime pay for the holiday of July 4, 1973.

A court hearing in the Marin County Superior Court was held, briefs were filed, and the court denied the petition for the writ.

Appellant is not entitled to pay for work not performed. Section 4850 of the Labor Code provides in pertinent part that an employee of the sheriff's office who is disabled by injury or illness arising out of and in the course of his employment is entitled to leave of absence without loss of salary in lieu of temporary disability payments. ■ The collective bargaining agreement provides for payment of time and one-half for an employee who is *required* to work on a holiday. Clearly this phrase means an individual is entitled to time and one-half when he is required to work and does actually work, not when he does not render any service. Appellant's interpretation of "required to work" as scheduled to work, but does not for a justifiable reason, is unfounded.

■ Although section 4850 of the Labor Code provides that appellant is entitled to leave of absence without loss of salary while disabled, in lieu of temporary disability payments, payments pursuant to this section are not salary but workers' compensation benefits. (*Boyd* v. *City of Santa Ana* (1971) 6 Cal.3d 393, 397 [99 Cal.Rptr. 38, 491 P.2d 830]; *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 200, 203 [103 Cal.Rptr. 29].) The Workers' Compensation Appeals Board has jurisdiction to determine whether the disability arose out of or occurred in the course of duty, but the board has neither the power nor the duty to fix the amount of compensation by an award. (*Boyd* v. *City of Santa Ana, supra,* at p. 397; *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd., supra,* at p. 203, fn. 5.) The liability of the county under section 4850 is enforceable in the courts in mandamus proceedings. (*Id.*) The distinction between salary and workers' compensation benefits, although the latter may be calculated based upon the former, is well stated in *Hawthorn* v. *City of Beverly Hills* (1952) 111 Cal.App.2d 723, 728 [245 P.2d 352], as follows: "The term 'compensation' is a technical one and includes all payments conferred by the act upon an injured employee. 'Compensation' of an employee in the form of wages or salary for services performed, does not have the same

meaning as the word 'compensation' in the Workmen's Compensation Act. The former is remuneration for work done; the latter is indemnification for injury sustained. Wages and salary may, under some circumstances, be paid as compensation in lieu of the normal temporary disability payments prescribed by the act. Such payments do not constitute salary or gratuities, but are payments of compensation under the act." Thus, the payment of employee's salary is the workers' compensation benefits he is entitled to under section 4850.

■ The question for this court to determine is whether the indemnification for the injury sustained by appellant includes additional payments for the holiday of July 4, 1973, at one and one-half time rate. In order to make this determination it is necessary to construe the phrase "without loss of salary" found in section 4850 of the Labor Code with the following phrase found in the collective bargaining agreement between the Marin County Deputy Sheriff's Association and respondent: "An employee who is *required to work* on a day celebrated as a holiday as listed above shall be compensated at one and one-half time rates. . . ." (Italics added.)

Appellant would have this court construe the phrase "required to work" as scheduled to work or as required to work but does not work for a justifiable reason. Respondent would have this court interpret the phrase "required to work" in a more reasonable manner. Respondent argues that the phrase means an individual is entitled to time and one-half when he is required to work and does actually work. Appellant recognizes the logic of the interpretation of the phrase suggested by respondent and therefore argues that in order to carry out the strong policy of section 4850 favoring full indemnification of a safety employee for a loss resulting from an industrial injury, he should be deemed for purposes of section 4850 to have constructively worked the July 4 holiday, the reason being that appellant would have worked "but for" the industrial accident. Appellant states to hold otherwise would result in appellant's paying for part of his own workers' compensation benefits in direct violation of the policy behind section 4850 as set out in *Hawthorn* v. *City of Beverly Hills, supra; Austin* v. *City of Santa Monica* (1965) 234 Cal.App.2d 841 [44 Cal.Rptr. 857]; *Johnson* v. *Contra Costa County Fire Protection Dist.* (1972) 23 Cal.App.3d 868 [100 Cal.Rptr. 561].

In *Hawthorn* v. *City of Beverly Hills, supra,* a fireman suffered an industrial injury and thereupon applied for a leave of absence without

loss of salary pursuant to section 4850. During the period of leave, the fireman reached retirement age under the civil service ordinance of the city. The City of Beverly Hills did not pay the fireman a salary after his retirement date. The city based its refusal to pay the fireman his salary during the full period of disability solely on the claim that section 4850 is unconstitutional. Defendants in that case conceded that "the money is due if section 4850 is constitutional." (*Hawthorn* v. *City of Beverly Hills, supra,* at p. 727.) Thus, *Hawthorn* stands for the limited proposition that section 4850 is constitutional and does not stand, as appellant asserts, for the broad proposition that the fireman's change in status from active employment to retirement could not be used by the city as a justification for limiting his right to benefits under section 4850 for an industrial injury that preceded the retirement date. (See *Gourley* v. *City of Napa* (1975) 48 Cal.App.3d 156 [121 Cal.Rptr. 290].)

In *Austin* v. *City of Santa Monica, supra,* the city deducted a day of Austin's accumulated sick leave time for each day workers' compensation was paid pursuant to section 4850. The court in *Austin* held that the practice took from Austin a part of his compensation for services, thereby compelling him to contribute to the workers' compensation benefits in violation of sections 3751 and 3752 of the Labor Code. (*Id.,* at p. 846.) The court noted that the practice of the city attempts to take away sick leave benefits already earned by continuous service rather than merely limiting the right to earn sick leave. (*Id.,* at pp. 845-846.) The court stated that the word "salary" as used in section 4850 encompasses the entire benefits to which an employee is entitled and which he earns "simply by remaining in the service of the city" or county. (*Id.,* at pp. 845-846.)

In *Johnson* v. *City of Contra Costa County Fire Protection Dist., supra,* Johnson, a fireman who worked in a shift position, suffered an industrial injury and thereafter claimed a leave of absence under section 4850. After the injury, his employer reassigned him to a nonshift position, thus eliminating certain holiday pay that Johnson had been entitled to by virtue of his status as a shift worker. The court in *Johnson* decided that the employer could not change Johnson's status for purposes of section 4850 so as to avoid indemnification for the holiday pay. (*Id.,* at p. 873.)

*Johnson* differs from the situation in the case at bench in that the employee was guaranteed holiday pay whether or not he worked on the holiday. It was a part of his salary. Here it was not a part of his salary

unless (1) he was assigned to work the holiday and (2) he actually worked it. Whether or not the employee worked the holiday depended upon the action of management which might or might not assign him to work it.

*Smith* v. *Workmen's Comp. Appeals Bd.* (1975) 45 Cal.App.3d 162 [119 Cal.Rptr. 120] is not in point. There the question of whether a fireman who is on disability leave but subject under the city charter to recall to service in the fire department if his disability ends was " 'in the service' of the fire department" for the purpose of section 3212 of the Labor Code. The court held that he was. The court further held that as such he was entitled to full pay during the year and even "entitled to pay for holidays he did not take from work he was not performing." (*Smith* v. *Workmen's Comp. Appeals Bd., supra,* at p. 168.) The difference between the situation in the case at bench and *Smith* is that in *Smith,* under the regulations of the fire department, firemen were entitled to holiday pay through the year, whether they worked or not. In the instant case, appellant was only entitled to holiday pay if he was assigned to work on the holiday and actually worked. A deputy sheriff who is on disability has no reason to receive holiday pay for not working any more than a nondisabled deputy sheriff who does not work.

The cases relied upon by appellant stand for the proposition that the word "salary" as used in section 4850 includes fringe benefits which accrue incident to the employee's service and which require nothing more of the employee than his being or remaining an employee in the service of the employer. In other words, an employer may not eliminate or curtail any benefit that an employee is entitled to at the time he sustains an industrial accident. However, appellant argues that the principle as stated above should be extended to include any entitlement that the employee might reasonably have received as a condition of his employment during the period of time he is taking a leave of absence under section 4850. Appellant is thus contending that he is entitled to recover any benefit of employment which loss was proximately caused by his industrial injury. As seen from the above discussion, the amount of compensation an injured employee is entitled to under section 4850 is determined at the time he sustains the injury. To hold otherwise would mean that an employee, besides just claiming pay for a certain holiday, as is the situation in this case, could argue that during the leave of absence he would have received a promotion and raise and since the industrial accident proximately caused him to lose this employment opportunity, he should also be indemnified for this loss.

Although there is a strong public policy to indemnify fully an employee for loss resulting from an industrial injury, this policy does not include indemnification for benefits that an employee *might* have received as a condition of employment during the period of time he was on a leave of absence.

Judgment affirmed.

Taylor, P. J., and Kane, J., concurred.