[No. G029660. Fourth Dist., Div. Three. Apr. 21, 2003.]

JAMES FENN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CITY OF
ANAHEIM, Respondents.

### COUNSEL

Leviton, Diaz, Whiting & Ginocchio and Lawrence R. Whiting for Petitioner.

Gearheart & Otis and Mark E. Gearheart for California Applicants' Attorneys Association as Amicus Curiae on behalf of Petitioner.

Grancell, Lebovitz, Stander, Marx and Barnes and Robert J. Chimits for Respondent City of Anaheim.

No appearance for Respondent Workers' Compensation Appeals Board.

## OPINION

**O'LEARY, J.**—James Fenn (Fenn), a firefighter for the City of Anaheim (City), seeks a writ of review after the Workers' Compensation Appeals Board (WCAB or Board) denied his petition for reconsideration. There were no factual disputes to be resolved by the WCAB. Both Fenn and the City admitted Fenn was a fire engineer for the City who lost time from work because of an industrial injury.

Firefighters who suffer industrial injury are entitled to a leave of absence "without loss of salary in lieu of temporary disability payments." (Lab. Code, § 4850, subds. (a) & (b)(2).)[1] The leave of absence is for the period of disability not exceeding one year. (*Ibid.*)

Fenn claimed entitlement to federal Fair Labor Standards Act (FLSA) benefits as part of his section 4850 pay.[2] Under FLSA, a formula for determining maximum hours for firefighters is provided. For any work in excess of the maximum hours, the employee must be compensated "at a rate not less than one and one-half times the regular rate at which he is employed." (29 U.S.C.A. § 207(k)(2).)

All parties agree that had Fenn worked his normally scheduled hours he would have received FLSA pay. The City contends because Fenn was off work on industrial leave he is not entitled to the time plus one-half premium. Fenn argues it is absurd to punish him for not working his regularly scheduled shift when his reason for being absent was his industrial injury.

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

[2] Title 29 United States Code section 207(k)(2) provides: "No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities . . . if—[¶] . . . [¶] (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours . . . bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed."

The administrative law judge at the hearing concluded Fenn had to actually work the scheduled hours to earn the premium and denied Fenn's request. Fenn petitioned the Board for reconsideration. The Board adopted the position of the workers' compensation judge (WCJ) and denied Fenn's petition for reconsideration.

We conclude Fenn had to actually work the requisite number of hours in order to earn the FLSA premium. We therefore affirm the decision of the WCAB.

FACTUAL AND PROCEDURAL BACKGROUND

Fenn suffered industrial injury to his back and missed time from work. The City acknowledged Fenn's industrial injury and paid him section 4850 benefits based on his 192 regularly scheduled hours per 24-day cycle. As noted above, the City did not consider FLSA benefits to be part of Fenn's regular salary and refused to consider such benefits in making payment under section 4850. Fenn sought a hearing on the City's failure to pay his section 4850 salary at the desired rate.

Testimony at the hearing revealed the City operated three different shifts for the fire department. Fenn was assigned eight 24-hour shifts during a 24-day work cycle for a regular work schedule of 192 hours per pay period. The terms and conditions of Fenn's working hours and pay were controlled by a collective bargaining agreement entitled the "Memorandum of Understanding" (MOU) between the City and the Anaheim Firefighters Association. The MOU incorporated the FLSA provisions. Under the MOU 182 hours of Fenn's regularly scheduled work hours were paid at his regular salary. When Fenn worked between 183 and 192 hours during a pay period he was entitled to the FLSA premium pay of time and one-half. If Fenn took time off for vacation or sick leave he did not receive the extra FLSA pay.

In his trial brief Fenn relied on *City of Sacramento v. Public Employees Retirement System* (1991) 229 Cal.App.3d 1470 [280 Cal.Rptr. 847] (*City of Sacramento*), which held FLSA pay was part of regular salary benefits for purposes of the Public Employees' Retirement System (PERS). The City relied on *Mannetter v. County of Marin* (1976) 62 Cal.App.3d 518 [133 Cal.Rptr. 119] (*Mannetter*), which held section 4850 pay did not include holiday overtime pay for a holiday the injured employee did not work. The WCJ was persuaded by *Mannetter* and found the phrase "required to work" to mean the employee works the required hours. Because Fenn did not actually work over 182 hours, the WCJ ruled he was not entitled to FLSA pay.

Fenn filed a petition for reconsideration with the WCAB, asking that the WCJ's findings and order be rescinded. In the report on reconsideration, the WCJ recommended that the WCAB deny the petition for reconsideration. Again relying on *Mannetter,* the WCJ found Fenn's case to have the same basic fact pattern, and concluded Fenn had to actually work over 182 hours to receive FLSA pay. The WCAB adopted the WCJ's findings in the report and denied the petition for reconsideration without comment.

Fenn filed a petition for writ of review. In addition to the issue set forth above, Fenn objects to the WCAB's terse four-line order denying reconsideration on the grounds the Board did not specify in detail the reasons for its decision. (§ 5908.5) We granted review and set the matter for oral argument. We also granted amicus curiae briefing to the California Applicants' Attorneys Association, an organization specializing in representing injured workers before the Board.

## DISCUSSION

*"Without Loss of Salary"*

In *City of Sacramento* the Third District Court of Appeal pondered the issue of whether FLSA's premium pay was the equivalent of "overtime" under the Public Employees Retirement Law set forth in Government Code former section 20025.2. (*City of Sacramento, supra,* 229 Cal.App.3d at p. 1475.) PERS issued a letter stating FLSA's premium pay must be reported as nonovertime "compensation" for retirement purposes if the "overtime" was within the normal workweek. (*Id.* at p. 1476.) The City of Sacramento objected to PERS's interpretation and filed a declaratory relief action seeking a ruling that FLSA overtime premium payments constituted overtime under the Government Code definition (thus relieving the city of the obligation of making retirement contributions on this premium). Both sides filed motions for summary judgment or summary adjudication of issues. (*Id.* at p. 1477.)

Under Sacramento's fire duty schedule, firefighters were regularly scheduled to work 192 hours within a 24-day work period. Under FLSA requirements Sacramento was required to pay federal premium wages to its firefighters for all hours worked in excess of 182 hours. (*City of Sacramento, supra,* 229 Cal.App.3d at p. 1477.) As in the case before us, the duty shifts and number of hours worked were part of a labor agreement between the city and the firefighters union.

Pivotal to the court's determination of whether the federal premium was overtime or compensation was what hours were considered "normal" for the

Sacramento firefighters. The court noted Sacramento did not dispute that its firefighters were regularly scheduled to work 192 hours within the 24-day FLSA statutory work period. (*City of Sacramento, supra,* 229 Cal.App.3d 1470, 1484-1485.) The court concluded that because the firefighters were normally required to work 192 hours within the statutory period the FLSA premium was not "overtime" under Government Code former section 20025.2. (*City of Sacramento,* at pp. 1486-1487.) The court *did* note under FLSA the premium is paid *only* if the employee actually works the 182 hours and does not take personal time off. (*Id.* at p. 1488.)

In our case the City argues *City of Sacramento* does not apply because it involved a dispute over retirement contributions. Instead, the City urges *Mannetter* is more on point. In *Mannetter,* Division Two of the First District Court of Appeal determined whether a deputy sheriff was entitled to compensation under section 4850 for holiday pay for a holiday he was not able to work. The deputy was assigned to work a regular shift on the 4th of July but suffered injury on July 3. Marin County paid him his regular salary but denied the additional FLSA premium. (*Mannetter, supra,* 62 Cal.App.3d 518, 520-521.)

The court interpreted the phrase "without loss of salary" in section 4850 in conjunction with the county and sheriff's association collective bargaining agreement. The agreement provided employees were entitled to certain holidays with pay, including the 4th of July. The agreement stated, " 'An employee who is *required to work* on a day celebrated as a holiday as listed above shall be compensated at one and one-half time rates.' " (*Mannetter, supra,* 62 Cal.App.3d at pp. 520-521, italics added.) The court's conclusion was, in short: no work, no pay.

The reviewing court interpreted the collective bargaining agreement as providing payment of the federal premium for employees who were *required* to work on a holiday. It rejected the deputy sheriff's interpretation of "required to work" as scheduled to work but unable to for a justifiable reason; or, to have "constructively" worked the holiday. (*Mannetter, supra,* 62 Cal.App.3d at pp. 521-522.)

We agree with the City that the reasoning in *Mannetter* is more analogous to the situation at hand. Critical to our determination is Fenn's testimony at the hearing. He stated he had to work "the set number of hours" to obtain FLSA pay. Fenn deliberately managed his time off so it would not be taken during the pay cycle that FLSA was calculated. Here, as in *Manetter,* no FLSA pay was earned unless the employee worked over 182 hours.

The goal of Congress in enacting the special compensation provisions of the FLSA is set forth in *Bay Ridge Co. v. Aaron* (1948) 334 U.S. 446 [68 S.Ct. 1186, 92 L.Ed. 1502]. "The purpose [of the statute] was to compensate

those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost. The statute by its terms protects the group of employees by protecting each individual employee from overly long hours." (*Id.* at p. 460 & fn. 13 [68 S.Ct. at p. 1194], fn. omitted.) Including the FSLA premium as part of a disabled firefighter's section 4850 salary does not square with the purpose of the federal statute in providing hardship or combat pay for excessive hours worked.

Amicus curiae argues the City's failure to pay Fenn the FLSA premium is an attempt to deduct a rightful component of his salary. Similar contentions were rejected in *Mannetter*. The court acknowledged an employer could not eliminate or curtail any benefit an employee was entitled to at the time of his or her industrial injury. However, the court stated these benefits do not include potential benefits such as promotions. (*Mannetter, supra,* 62 Cal.App.3d at p. 524.) "Although there is a strong public policy to indemnify fully an employee for loss resulting from an industrial injury, this policy does not include indemnification for benefits that an employee *might* have received as a condition of employment during the period of time he was on a leave of absence." (*Id.* at p. 525.)

Finally, Fenn's challenge to the Board's order lacks merit. Fenn argues the Board failed to give an adequate explanation for their decision as required by section 5908.5. We disagree. If the WCAB denies a petition for reconsideration "its order may incorporate and include within it the report of the referee, provided that the referee's report states the evidence relied upon and specifies in detail the reasons for the decision." (*LeVesque v. Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 635 [83 Cal.Rptr. 208, 463 P.2d 432].) Here, the Board in adopting and incorporating the report of the WCJ has provided this court with adequate guidance. The WCJ's opinion states the factual and legal basis of its recommendation; Fenn disagrees with this position, but it is adequate for purposes of review.

## DISPOSITION

The order of the Workers' Compensation Appeals Board is affirmed. Respondent City's request for a supplemental award of attorney's fees is denied. (§ 5801.)

Sills, P. J., and Rylaarsdam, J., concurred.

Petitioner's petition for review by the Supreme Court was denied July 16, 2003. Brown, J., did not participate therein. Kennard, J., and Moreno, J., were of the opinion that the petition should be granted.