[No. B200582. Second Dist., Div. Five. July 22, 2008.]

LOS ANGELES COUNTY PROFESSIONAL PEACE OFFICERS' ASSOCIATION et al., Plaintiffs and Respondents, v. COUNTY OF LOS ANGELES, Defendant and Appellant.

**64**

[redacted]

## Counsel

Law Offices of Gregory G. Kennedy and Gregory G. Kennedy for Defendant and Appellant.

Silver, Hadden, Silver, Wexler & Levine and Stephen H. Silver for Plaintiffs and Respondents.

## Opinion

**ARMSTRONG, J.**—Labor Code[1] section 4850 provides that when a public safety officer (like each plaintiff here) "is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled . . . to a leave of absence while so disabled *without loss of salary* . . . ." (Italics added.) The statute is part of the workers' compensation law. Its purpose "is to provide special benefits to police, sheriffs, and firefighters. 'The reason for such exceptional treatment for policemen and firemen is obvious: not only are their occupations particularly hazardous, but they undertake these hazards on behalf of the public. The Legislature undoubtedly sought to ensure that policemen and firemen would not be deterred from zealous performance of their mission of protecting the public by fear of loss of livelihood.' (51 Ops.Cal.Atty.Gen. 32, 34 (1968).)" (*Biggers v. Workers' Comp. Appeals Bd.* (1999) 69 Cal.App.4th 431, 440 [81 Cal.Rptr.2d 628].)

The principal question in this case is whether Los Angeles County's (the County) policies concerning payment for excess accumulated vacation hours violate section 4850. This is the problem: normally, a deputy sheriff who has accumulated more than 320 hours of vacation time may defer the hours in excess of 320 to the following year. If the excess hours are not used by the end of that year, in reliance on the Los Angeles County Code (County Code),[2] the County pays the deputy for the hours. If this "cash out" payment takes place during the deputy's final compensation measurement period (the period used to determine salary for purposes of retirement benefits), the cash out payment is "pensionable income." It is reported to the Los Angeles County Employees Retirement Association and is part of the calculation of the deputy's salary for purposes of retirement benefits. (*Ventura County Deputy Sheriffs' Assn. v. Board of Retirement* (1997) 16 Cal.4th 483 [66 Cal.Rptr.2d 304, 940 P.2d 891].) Such a cash out payment will effectively increase the deputy's retirement benefit for years to come.

---

[1] All further statutory references are to that code unless otherwise indicated.

[2] Section 6.18.080 E of the County Code provides, in part, "the sum of an employee's Current and Deferred Vacation may be deferred to the following calendar year. If that sum exceeds 320 hours, those hours in excess of 320 hours must be used by the end of the calendar year to which they were deferred. If, at the end of that year, an employee still has Current and Deferred Vacation in excess of 320 hours, the employee's balance of available vacation hours shall be reduced by the number of hours in excess of 320 hours that were deferred, and the employee shall be compensated for the reduction on an hour-for-hour basis at the employee's workday rate of pay in effect on the last day of the year of deferment."

However, a deputy who retires in the year following a section 4850 leave, that is, the year following a work-related injury, is compensated for the excess hours differently.[3] The County will not cash out deferred excess hours if the deputy is on section 4850 leave at any time during the deferral year. The hours remain in the deputy's account (*Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles* (2004) 115 Cal.App.4th 866, 868 [9 Cal.Rptr.3d 615]), but if the deputy retires in the year following section 4850 leave, he or she will never have the opportunity to cash out or use the hours. That deputy is compensated for the hours at retirement. Under established law, that payment is *not* pensionable income. (*In re Retirement Cases* (2003) 110 Cal.App.4th 426, 474–477 [1 Cal.Rptr.3d 790].) It is not reported to the Los Angeles County Employees Retirement Association and does not become part of the pension calculation.

This means that, for example, a deputy who has accumulated excess vacation hours, but who has never been injured on duty, might collect more in retirement benefits than a deputy who has been injured on duty, even if the two have the same employment history in terms of rank, years of experience, and so on. It also means that a deputy who retires after taking leave due to a non-job-related injury, perhaps a ski accident, might collect more than a deputy who retires after having suffered an injury in the course of his or her duties, even if the deputies are in other respects identical.

■ Plaintiffs' theory is that this different treatment violates section 4850. The trial court agreed, as do we.

### Facts and Trial Court Proceedings

The individual plaintiffs[4] in this case are retired deputy sheriffs who were on section 4850 leave in the year prior to retirement, and who were paid for their deferred excess vacation hours at retirement. As noted, those payments did not become part of calculation of salary for purposes of retirement, and the plaintiffs' retirement benefits are thus lower than they would have been if the hours had been cashed out. They and the Los Angeles County

---

[3] The County bases this policy on a different section of the County Code, section 6.20.070F(1), which provides that "no provision of Division 1 of this title limiting the carryover of vacation and overtime shall apply to employees during the time they are absent under the provisions of this section or Section 4850 of the Labor Code . . . ."

[4] There were 15 such plaintiffs. The trial court found that one of them did not have excess deferred vacation hours and was not entitled to relief.

Professional Peace Officers' Association filed this action for declaratory relief, challenging the County policy which denies employees on section 4850 leave the cash out option. The complaint sought a declaration that the County's policy violated sections 4850 and 132a (which prohibits discrimination against disabled employees)[5] and constitutional guarantees of equal protection of the law, and impaired the employees' rights under their employment contract.

The trial court found for the plaintiffs on all theories, declaring that the County's policy violated section 4850 and the declared policy of the State of California set out in section 132a, denied plaintiffs equal protection of law under the federal Constitution, and unconstitutionally impaired plaintiffs' vested contractual rights. The court ordered the County to report to the Los Angeles County Employees Retirement Association, as pensionable income, the amounts which should have been paid to plaintiffs in a cash out at the end of the deferral year.

We affirm the judgment on the ground that the County's policy violated the Labor Code, and thus need not, and do not, address the County's challenges to the trial court findings on equal protection and contract theories.

Discussion

1. *"Salary"*

■ Section 4850 prohibits discrimination in "salary." "Salary" includes sick pay and other fringe benefits which accrue incident to the employee's service and to which the employee is entitled. (*Mannetter v. County of Marin* (1976) 62 Cal.App.3d 518, 524 [133 Cal.Rptr. 119]; *Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles, supra,* 115 Cal.App.4th at p. 870.)

The County's principle argument on appeal is that the right to cash out deferred excess vacation hours does not constitute salary under section 4850. It relies on *Mannetter v. County of Marin, supra,* 62 Cal.App.3d 518, and on *Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles, supra,* 115 Cal.App.4th 866.

---

[5] Section 132a provides that "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment."

In *Mannetter,* a deputy sheriff who could not work an assigned holiday shift due to a work-related injury was paid his regular salary for the day, but not the higher rate applicable if a deputy was "required to work" on a holiday. He claimed a section 4850 violation, but the court found none. The court held that the employee had not been "required to work" on the holiday, and that "To hold otherwise would mean that an employee . . . could argue that during the leave of absence he would have received a promotion and raise and since the industrial accident proximately caused him to lose this employment opportunity, he should also be indemnified for this loss. [¶] Although there is a strong public policy to indemnify fully an employee for loss resulting from an industrial injury, this policy does not include indemnification for benefits that an employee *might* have received as a condition of employment during the period of time he was on a leave of absence." (*Mannetter v. County of Marin,* at pp. 524–525; see also *Fenn v. Workers' Comp. Appeals Bd.* (2003) 107 Cal.App.4th 1292 [132 Cal.Rptr.2d 878] [overtime pay mandated by federal Fair Labor Standards Act not "salary" for purposes of § 4850].)

The County's argument under *Mannetter* is that plaintiffs' case is "based upon the assumption that if they were not on 4850 pay, they *might* have worked the entire calendar year before they retired without either using or being ordered to use excess, deferred vacation pay."

First, at trial, the County stipulated that it "would not assert that it would have implemented any policy or established practice of forcing all employees in the positions or assignments occupied by the Individual Plaintiffs to use excess vacation prior to the end of the deferral year."

Moreover, *Mannetter* supports plaintiffs' position, not the County's. The case held that "the word 'salary' as used in section 4850 includes fringe benefits which accrue incident to the employee's service and which require nothing more of the employee than his being or remaining an employee in the service of the employer." (*Mannetter v. County of Marin, supra,* 62 Cal.App.3d at p. 524.) The overtime or holiday pay at issue in *Mannetter* and *Fenn* required the employees to work at specified times or a certain number of hours, that is, to do something more than remain an employee. The right to

cash out deferred overtime hours does not. It is available to all employees other than those who retire after section 4850 leave. Under the distinction drawn in *Mannetter,* it is plaintiffs who prevail.

*Los Angeles County Prof. Peace Officers' Assn.* also supports plaintiffs' position, not the County's. That case applied *Mannetter* to the same statutes, County Code sections, and County policies at issue here. Plaintiffs in that case were investigators for the district attorney's office. Like these plaintiffs, they took section 4850 leave and retired in the next year. Like these plaintiffs, they claimed that the County's policy violated section 4850.

However, the facts of that case were different in one critical respect. In *Los Angeles County Prof. Peace Officers' Assn.,* the district attorney supplied uncontradicted evidence that as a matter of policy and practice its employees were not allowed to accumulate excess vacation hours. The holding of the case, that there was no violation of section 4850, was based on that fact. The evidence that the district attorney never allowed hours to accumulate past 320 meant that no district attorney investigator ever received a cash out of excess deferred hours. The cash out was not a benefit to which district attorney investigators were entitled, and thus was not "salary" for purposes of section 4850. (*Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles, supra,* 115 Cal.App.4th at pp. 871–872.)

Here, the County had no policy of forcing employees to use excess hours, and the evidence was that it had no practice to that effect, either. While the County introduced evidence (in the trial court's words) "purporting to establish that a relatively small percentage of the nonexecutive peace officers employed by the Sheriff's Department received deferral year end cash outs during the time period covered by the proceeding," the trial court found the evidence inadequate, pointing out that the County did not present evidence on whether the employees who did not cash out hours had excess deferred hours which could have been cashed out, and that the County's witnesses acknowledged that many of the employees had not worked long enough to have accumulated excess hours.

Further, plaintiffs introduced evidence that deputy sheriffs were allowed to accumulate hours in excess of 320 and were not forced to use deferred excess hours, and that hundreds of sworn sheriff's department employees cashed out deferred excess vacation hours each year. The sheriff did not force employees to use vacation time because doing so would have meant an increase in

overtime payments to other deputies, so that the necessary staffing could be maintained. At some points, it would not even have been possible to force the use of vacation hours, because staffing problems meant that no replacements were available.

On this evidence, the trial court found that the County did not establish that the individual plaintiffs, if not on section 4850 leave, would have been forced to use their deferred vacation hours, and would not have received a cash payment. In *Los Angeles County Prof. Peace Officers' Assn.*, the cash out was not a benefit to which the plaintiff employees were entitled, because it was not a "benefit" any employee got. Here, the evidence was to the contrary.

The County also cites *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2007) 154 Cal.App.4th 1536 [65 Cal.Rptr.3d 665], decided after the trial court decision here. In that case, employees challenged the County's right to force them to use excess deferred vacation hours rather than allowing them to receive a cash payment for those hours. The court found for the County, holding that "Nothing in section 6.18.080 E curtails the County's management right to set the terms and conditions of employment, including the right to force the use of excess deferred vacation." (*Id.* at p. 1545.)

The County argues that this case means that plaintiffs must go to the bargaining table to obtain the remedy they seek. As we see it, the fact that the County had the right to force deputies to use vacation is irrelevant, in light of the evidence that the County did not do so. Under *Association for Los Angeles Deputy Sheriffs*, the County could have forced all deputies to use excess deferred vacation hours. Under section 4850, it cannot force that choice only on injured employees.

### 2. Workers' Compensation

At trial, the County introduced evidence on the amount of workers' compensation and other benefits the individual plaintiffs received. Based on that evidence, it argues that the Labor Code was not violated because plaintiffs were paid all the amounts mandated by the workers' compensation law while they were on section 4850 leave. Indeed, the County argues, plaintiffs' disability pay under the workers' compensation law put them in a better position than nondisabled employees. The County contends that the purposes of that law (*S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 354 [256 Cal.Rptr. 543, 769 P.2d 399]) were

fulfilled, and also cites cases in which courts have found discrimination in violation of the Labor Code and points out that it did none of the things proscribed by those cases. (*Austin v. City of Santa Monica* (1965) 234 Cal.App.2d 841 [44 Cal.Rptr. 857] [deducting a day of accumulated sick leave for each day workers' compensation was paid compelled employee to contribute in violation of the Lab. Code]; *Johnson v. Contra Costa County Fire Protection Dist.* (1972) 23 Cal.App.3d 868 [100 Cal.Rptr. 561] [violation of § 4850 where county's policies effectively deprived firefighter on disability leave of the right, enjoyed by other employees, to receive holiday pay]; *Andersen v. Workers' Comp. Appeals Bd.* (2007) 149 Cal.App.4th 1369, 1377 [57 Cal.Rptr.3d 839] [§ 132a violated where employee forced to use vacation time for medical appointments].) The County concludes that plaintiffs did not carry their burden of proof.

The arguments are irrelevant. They establish no more than that the County complied with the law in many respects, and did not discriminate against injured employees in certain ways. None of that means that the policies at issue here were not discriminatory.

### 3. *Other Arguments*

*Ventura County Deputy Sheriffs' Assn.*

In *Ventura County Deputy Sheriffs' Assn. v. Board of Retirement, supra,* 16 Cal.4th 483, the Supreme Court was concerned with the definition of "compensation" for purposes of the County Employees Retirement Law of 1937 (Gov. Code, § 31450). The County cites the case not for its holding (which is not relevant) but because it notes that under that memorandum of hours agreement, an employee could elect to cash out a specified amount of accrued vacation time. (*Ventura County Deputy Sheriffs' Assn., supra,* 16 Cal.4th at p. 488, fn. 6.) The County contends that the memorandum of understanding operative here does not give employees that right, and concludes that plaintiffs did not prove a violation of section 132a, and that their remedy is to negotiate a contract similar to that enjoyed by Ventura County deputy sheriffs. We cannot agree.

Section 132a "precludes discrimination that detrimentally affects industrially injured workers in any significant way." (*Andersen v. Workers' Comp. Appeals Bd., supra,* 149 Cal.App.4th at p. 1377.) The fact that

deputies in a different county enjoyed different rights, under a different contract, says nothing about the way Los Angeles County deputy sheriffs who retired after taking section 4850 leave were treated, vis-à-vis other Los Angeles County deputy sheriffs.

### Workers' Compensation Exclusivity

In reliance on *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143 [77 Cal.Rptr.2d 445, 959 P.2d 752], the County argues that plaintiffs' exclusive remedy for seeking redress for a violation of section 132a was within the workers' compensation system. *City of Moorpark* held that "the general exclusive remedy provisions of the workers' compensation law expressly do not apply to section 132a." (18 Cal.4th at p. 1154.) The County seeks to distinguish *City of Moorpark* on the ground that, unlike this case, it concerned a Fair Employment and Housing Act claim. That is so, but the holding of *City of Moorpark* was not limited to such claims.

### Gift of Public Funds

The County's contention here is that the trial court order requires it to make an improper gift of public funds. We see no chance of an improper gift of public funds, given that we affirm the trial court order and find that it is correct.

### Immunity

The County cites Government Code sections 818.8, 815, and 815.2 and contends that they prohibit an order forcing it to "pay excess vacation benefits, based upon the erroneous [Los Angeles Sheriff's Department] policy which provides for payment of excess vacation earlier than required by the County Code or any applicable [memorandum of understanding]." "Erroneous policy" seems to refer to the sheriff's department's failure to force employees to take excess deferred vacation time.

Government Code section 818.8 provides that "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity . . . ."

Government Code section 815 provides that "(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. [¶] (b) The liability of

a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

Government Code section 815.2 provides that "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. [¶] (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

We simply cannot see how those statutes apply to this case. The County argues that "Ordering employees to take off excess deferred vacation, depending on the operation or management needs of the Sheriff's Department, is a discretionary act for which the County is also immune from liability." The County has not been held liable for ordering employees to take off excess hours, or for failing to make that order. Instead, certain of the County's policies have been declared in violation of section 4850, a different matter.

Nor are we persuaded by the County's citation to *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, decided by the Supreme Court shortly after this case was first filed. In *Miklosy*, the university was sued for damages on the common law tort of wrongful discharge in violation of public policy. (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.3d 1330].) The Supreme Court found the university immune from liability. However, this is not a suit for damages on a common law tort, but an action under section 4850, which governs the County's treatment of deputy sheriffs who are injured on duty. We see nothing in *Miklosy* which holds that these plaintiffs are barred from suing to obtain the benefits of the statute.

### Government Claims Act

The County acknowledges that the filing requirement of the Government Claims Act does not apply to salary and pension claims. It argues, however, that since the individual plaintiffs were paid for their vacation hours at retirement, such a filing was required under *Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071 [195 Cal.Rptr. 576].

In *Loehr,* the plaintiff sought damages for wrongful termination. The court found that the case fell within the purview of the Government Claims Act,

holding that "Each of the six causes of action are aimed at recovering monetary damages for acts and omissions allegedly committed by the individual defendants during the course and scope of their employment with the District." (*Loehr v. Ventura County Community College Dist., supra,* at p. 1080.)

As plaintiffs point out, this is not such a case. They did not seek money damages, but to have the payment they already received for their deferred excess hours recategorized. We cannot see how that brings this case under the Government Claims Act.

## Disposition

The judgment is affirmed.

Turner, P. J., and Kriegler, J., concurred.

A petition for a rehearing was denied August 19, 2008, and the opinion was modified to read as printed above.