[Civ. No. 27646. Second Dist., Div. Three. June 9, 1965.]

JOHN AUSTIN, Plaintiff and Appellant, v. CITY OF SANTA MONICA et al., Defendants and Respondents.

Major & Shumar and James W. Shumar for Plaintiff and Appellant.

Robert G. Cockins, City Attorney, Robert D. Ogle, Assistant City Attorney, James H. Baggaley and Marshall L. Barth, Deputy City Attorneys, for Defendants and Respondents.

SHINN, P. J.—John Austin, a policeman of the City of Santa Monica, sues in his own right and on behalf of all policemen and firemen of the city for a declaration of their rights to sick leave benefits as members of their respective departments. The case was tried upon stipulated facts, judgment was in favor of the city and plaintiff appeals.

As a member of the police department plaintiff was entitled to sick leave benefits at full pay measured in weeks and proportioned to his years of service. He was also entitled to workmen's compensation while disabled in performance of his services.[1]

---

[1] Labor Code, section 4850: ''Whenever any city policeman, city fireman, fireman of . . . *any* fire district, sheriff or any officer or employee of a sheriff's office, or any inspector, investigator, detective or personnel with comparable title in any district attorney's office, who is a mem-

Plaintiff's rights with respect to sick leave while receiving workmen's compensation are granted by section 21041 of the Santa Monica Municipal Code. The controversy centers upon paragraphs (f) (g) and (h) of the section.[2]

Plaintiff was injured in performance of his duties May 9, 1958, and became disabled October 11, 1958. He suffered intermittent periods of disability resulting from the injury until May 1961. At the time of his injury Austin had 28¼ days of accrued sick leave. Between January 1, 1959, and January 1, 1962, he was credited with 66¾ days additional sick leave. It was stipulated that the practice followed by the city in plaintiff's case, as in all cases of policemen and firemen, was as follows:

"(b) *Policemen and Firemen:*

"(1) During the first ninety (90) calendar days of absence due to such disability, a policeman or fireman receives the amount of his full salary and no deduction is made from his accumulated sick leave. This ninety (90) calendar day period is computed on the basis of a seven (7) day week and is not computed according to the ordinary five (5) day work week.

---

ber of the State Employees' Retirement System is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension. . . ."

[2]Section 21041: "(f) An employee who is receiving disability payments under the Workmen's Compensation Act of California shall receive the difference between the disability payments under the Workmen's Compensation Act and full salary during the first ninety days of such disability absence; this period of ninety days, or any portion thereof, shall not be deducted from accrued sick leave.

"(g) Notwithstanding anything contained in sub-paragraph (f) hereof, any benefits taken by any employee under Section 4850 of the Labor Code of the State of California (if such section be construed to apply to the City of Santa Monica), shall be deducted from any sick leave benefits under this section.

"(h) The right to benefits under the sick leave plan shall continue only during the period that the employee is employed by the City. This plan shall not give any employee the right to be retained in the service of the City, or any right of claim to sickness disability benefits after separation from the service of the City. When an employee receives compensation under the Workmen's Compensation Act of California, such compensation received shall be considered part of the salary to be paid to the employee under the provisions of this Section. The amount paid by the City shall be the difference between the amount received by the employee from the State Compensation Insurance Fund and the employee's regular rate of pay."

"(2) After the first ninety (90) consecutive days during which the policeman or fireman is absent due to such disability, the policeman or fireman continues to receive the amount of his full salary; however, the full amount of such time off is deducted from his accumulated sick leave, on a work day basis.

"(3) At such time as all of the accumulated sick leave of the disabled policeman or fireman shall have been deducted, as above, he continues to receive the amount of his full salary, up to a period of one (1) year."

In accordance with this administration of the employe's rights the city paid plaintiff's salary for periods of intermittent disability for 261 days, being 52 weeks of five days each (including one leap year). The year, thus computed by the city ended June 29, 1960. By that time, through the application of paragraph (g) of the Code, plaintiff's accumulated sick leave had been deducted and used up and the city notified plaintiff that he had none left for future use.

Our concern is with the application of the provisions of the Code and section 4850 of the Labor Code to plaintiff's situation during the first year of disability. It must be presumed, in the absence of any showing to the contrary, that plaintiff has been accorded his full rights during later periods of disability.

■ The complaint alleged that the year during which plaintiff was entitled to workmen's compensation was the year October 15, 1958, to October 14, 1959, and plaintiff argues that since his disability was not continuous during that year, but for occasional periods, each onset of disability due to the original injury was the commencement of a new year. We disagree with this interpretation, and agree with the theory of the city that the year (or less) during which workmen's compensation is to be paid under section 4850 of the Labor Code is the aggregate of periods of temporary disability due to a single injury. Any other interpretation would operate unequally and unfairly as between an employe whose disability was continuous for a year and one who suffered disability at intervals which added up to more than one year. Under plaintiff's theory the one who occasionally returned to work and suffered intermittent periods of disability would receive more than one whose disability was continuous for one year. Plaintiff's theory is unacceptable. It was assumed in *Hawthorn* v. *City of Beverly Hills,* 111 Cal.App.2d 723 [245

P.2d 352], and expressly held in *Eason* v. *City of Riverside*, 233 Cal.App.2d 190 [43 Cal.Rptr. 408] that "not exceeding one year" means the cumulative total of 52 weeks of disability and that the disability need not be continuous.

■ In brief, plaintiff's main contention is that in deducting a day of accumulated sick leave for each day workmen's compensation was paid, the city took from plaintiff a part of his compensation for services, thereby compelling him to contribute to the workmen's compensation benefits in violation of sections 3751 and 3752 of the Labor Code.[3]

This contention must be sustained. The city says in its brief "Pensions, Vacation, Sick Leave and Other Working Condition Benefits Are Part of the Compensation Paid Municipal Employees and as Such, Are Equally a Matter of Municipal and Not State Concern." Appellant, of course, agrees. It is asserted by appellant, and conceded by respondent, that the Workmen's Compensation Act is paramount in the field it occupies and will prevail over any enactment of a municipality which is in conflict with it. Also, it is not questioned that sick leave granted to a city employe is "earnings" and a "benefit" as the terms are used in sections 3751 and 3752. The controversy is a disagreement over the interpretation to be given to section 21041. The city maintains that sick leave is granted upon the condition that it is subject to deduction under the conditions stated in paragraph (g), and that in deducting sick leave under those conditions nothing to which the employe is entitled is taken from him. Appellant denies that sick leave is granted upon condition that it may be deducted, and maintains that after it is earned by the employe it cannot be taken away, since it is an irrevocable part of his compensation under the contract of employment.

Again, we must agree with appellant. ■ Sick leave, like wages payable in money, is earned simply by remaining in the service of the city and is proportioned to the length of service. Paragraph (g) does not purport to limit the right

---

[3]Section 3751: "No employer shall exact or receive from any employee any contribution, or make or take any deduction from the *earnings* of any employee, either directly or indirectly, to cover the whole or any part of the cost of compensation under this division. Violation of this section is a misdemeanor." (Italics ours.)

Section 3752: "Liability for compensation shall not be reduced or affected by any insurance, contribution or other *benefit* whatsoever due to or received by the person entitled to such compensation, except as otherwise provided by this division." (Italics ours.)

to earn sick leave; it merely attempts to take away sick leave benefits already earned by continuous service, which is in direct violation of sections 3751 and 3752.

██  The word "salary" as used in section 4850, must be understood as encompassing the entire compensation to which the employe is entitled in order to bring it into harmony with sections 3751 and 3752, which make it clear that all earnings and benefits to which the employe is entitled must be paid to him without deduction "either directly or indirectly, to cover the whole or any part of the cost of compensation under this division." (§ 3751.)

The city argues that its duty to pay the employe his salary for a day's absence on sick leave and its duty to pay him his salary for a day as workmen's compensation can be fulfilled by payment of a single day's salary. It is an unsound theory and yet it is the one under which the city eliminated all Austin's accumulated sick leave benefits during the year in which workmen's compensation was paid. The consequence of this procedure was that for each day of sick leave taken from him Austin was paying himself a day's workmen's compensation. The record does not show how many days sick leave were availed of in this manner. Presumably the city made use of the 28¼ days which stood to the credit of Austin at the time he was injured and all those credited to him thereafter to June 29, 1960. Whatever rights were taken from him in this manner should be fully restored to him by appropriate action of the city.

It was stipulated that the city paid Austin $734.95 for 28 days he was absent from work after June 29, 1960; the city thereafter claimed Austin was not entitled to receive the payment or any part of it and deducted the amount from his later earnings. The complaint seeks restoration of the amount, claiming that the sum was due Austin. The answer of the city denies this claim and creates an issue to be determined in the present action.

It is manifest that this issue could not be determined upon the stipulated facts, which do not disclose a reason for the claim of the city that Austin was overpaid, except as it may be inferred that the 28 days of absence was on account of sick leave which had been deducted by the city in the manner described.

The contentions of the parties require a declaration of their rights and duties arising out of the State Workmen's

Compensation Act and the Municipal Code of Santa Monica as they relate to policemen and firemen in the service of the city, and it will also be necessary to determine what rights have been denied plaintiff and to order their restoration by the city.

The judgment is reversed for determination of the issues in accordance with the views herein expressed.

Ford, J., and Kaus, J., concurred.