[Civ. No. 45288. Second Dist., Div. Two. July 17, 1975.]

GEORGE L. ANDERSON, Plaintiff and Appellant, v.
UNION OIL COMPANY OF CALIFORNIA,
Defendant and Respondent.

COUNSEL

Spielman, Steele, Urias & Meyerson and Bernard Meyerson for Plaintiff and Appellant.

Bond, Snyder, Putnam & Bluth, Robert W. Putnam and Edmund W. Bluth for Defendant and Respondent.

OPINION

**BEACH, J.**—Respondent's employee appeals from a judgment in favor of respondent Union Oil Company in a class action for declaratory relief.[1] By the action, plaintiff sought to claim certain alleged benefits under an employee's sick pay plan.

FACTS:

Appellant was first employed by respondent on December 26, 1944. He sustained an industrial injury on March 20, 1972, and again on September 21, 1972. The provisions for sick pay allowance are contained in the articles of agreement between respondent Union Oil and the appellant's labor union. Article 20 on page 48 of the agreement provides for and explains the sick pay allowance. Article 20 provides: "Regular full time employees will be granted sick pay allowance for working time lost because of sickness or injury in accordance with the following provisions." It further provides: "Working· time lost shall include only those hours normally and regularly scheduled at straight time. Sick pay allowance for scheduled working time lost due to sickness or injury will be at the vacation rate of pay. The amount of sick pay allowance payable will be reduced by any temporary disability benefits or indemnity that the employee may become entitled to under or by virtue of any Federal, State, or other disability benefit or Workmen's Compensation law."

Appellant received his full salary during the period of illness; $3,420 under the workmen's compensation statute and $2,095.58 from respondent Union Oil Company pursuant to the company funded sick pay plan. Appellant is now retired.

---

[1] The trial was bifurcated. All issues of class actions were deferred until the decision on the present question. Because of the trial court's decision on the issue of liability, the trial court determined no further proceedings regarding the class action need be had.

ISSUES:

1. Whether, under the Union Oil plan, sick pay is the equivalent of "earnings" and a "benefit" as defined by Labor Code sections 3751 and 3752.

2. Whether, under the Union Oil plan, sick pay is "reduced" by workmen's[2] compensation benefits, thereby causing the employee to "contribute" to compensation benefits.

DISCUSSION:

We believe the trial court correctly determined the questions thus presented and we affirm the judgment. In its findings of fact and conclusions of law, the trial court stated: "Union Sick Pay Plan supplements workmen's compensation payments so that the injured employee receives his base pay; the Plan does not provide fixed or irrevocable or earned sick leave and disability income benefits convertible into cash or time off; and consequently such sick leave and disability income benefits are independent of and in addition to workmen's compensation payments.

"It follows that there is no conflict between the Union Oil Sick Pay Plan and section 3751 of the Labor Code and that the Plan cannot and does not violate the substance or spirit of section 3751.

"The Sick Pay Plan benefits are not 'earnings' in the sense of Labor Code section 3751."

Labor Code section 3751 reads: "No employer shall exact or receive from any employee any contribution, or make or take any deduction from the earnings of any employee, either directly or indirectly, to cover the whole or any part of the cost of compensation under this division. Violation of this section is a misdemeanor."

Labor Code section 3752 reads: "Liability for compensation shall not be reduced or affected by any insurance, contribution or other benefit whatsoever due to or received by the person entitled to such compensation, except as otherwise provided by this division."

---

[2]Although we recognize that "workmen's compensation" has become "workers' compensation" (Lab. Code, § 3200), we use the former term since that was the applicable nomenclature at the time of trial.

The plan was voluntarily instituted by Union Oil Company in the 1930s. Union is not required by law to provide a sick pay plan. The object of the plan was and is to supplement the state workmen's compensation program and guarantee a sick or injured employee essentially his full salary. Payments received by an injured worker under the California workmen's compensation laws are substantially less than an employee's full salary. The sick pay plan is funded completely by Union Oil.

Appellant contends that the employee is required to contribute to the cost of the workmen's compensation. This is predicated solely upon the argument that the language of article 20, paragraph (e), contains the sentence "The amount of sick pay allowance payable will be reduced by any temporary disability benefits or indemnity that the employee may become entitled to or under or by virtue of any Federal, State or other disability benefit or workmen's compensation law." Appellant's argument is that the 150 days sick pay allowance is an earned benefit and entitlement due solely because of longevity and fully payable to him over and above his full salary. He then argues that the deduction provided for in the plan is a deduction of an earned and vested right and benefit, one which is accrued in a sum certain, fixed and undiminishable. Appellant claims that such sick pay allowance is tantamount to a specific amount of earned wage or income. We do not agree.

Under the Union Oil plan, sick pay is not the equivalent of "earnings" and not a "benefit" as used in Labor Code sections 3751 and 3752. The maximum 150 days sick pay is not receivable simply by remaining in the service of Union Oil Company for the required duration. The contract between the parties provides that sick pay supplements workmen's compensation benefits so that the employee receives his full salary and no more. This was and is the long standing and recognized intent of the parties to this agreement. The evidence includes the employee's handbook, "Income Protection." It provides a simplified and clear explanation of how benefits are paid. It states: "If you are eligible to receive disability income under Workmen's Compensation or other state or federal statutes, the Plan will pay the difference between your base pay rate and those benefits."

The interpretation urged by appellant is inconsistent with the facts which we have just recited. Such interpretation is far from what the parties intended. Irrespective of the choice of words, the evidence is clear that Union Oil's intention was that its sick pay plan should supplement

and add to the payment of its employees whenever the employee was entitled to receive workmen's compensation benefits under the law, but where such payments were not sufficient to provide the employee with full pay. Appellant ignores the intent of the parties and distorts the effect sought. He ignores the purpose of the contract.

Appellant plays with words. He seizes upon the arrangement of the words "The sick pay allowance will be reduced by" as contained in the plan as demonstrating unlawful reduction of benefits irrespective of the clear intent of the parties as to the purpose of the plan.

In claiming support for his position appellant primarily relies on *Austin* v. *City of Santa Monica,* 234 Cal.App.2d 841 [44 Cal.Rptr. 857], and *Symington* v. *City of Albany,* 5 Cal.3d 23 [95 Cal.Rptr. 206, 485 P.2d 270]. In *Austin* the facts were radically different with reference to the so-called vested or earned right to sick leave, while *Symington* holds exactly contrary to what appellant asserts. In *Austin* the contract of employment (the municipal ordinance) allowed the employee to convert sick pay allowance or "sick time" into forms of cash, time off, and other benefits. The court therefore determined and treated the sick leave and its cash equivalent as a vested undiminishable right, a form of earnings. Thus, a money's worth contribution was made by the employee into the Santa Monica plan. The factual distinctions between *Austin* and the case at bench are not the only reasons that compel a different result here and an affirmance of the judgment of the trial court. Whatever solace and support plaintiff may believe he receives from *Austin,* such support evaporates in view of the decision in *Symington,* where the critical issue present at bench was determined in favor of the employer. The particular practice which Union Oil employed in the case at bench is permissible and lawful. (*Symington* v. *City of Albany, supra,* 5 Cal.3d 23.)

In *Symington* the court followed its earlier decision in *City of Los Angeles* v. *Industrial Acc. Com. (Fraide),* 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801]. In *Symington* the city reduced the pension of a fireman by the amount of workmen's compensation he had received. The amount of credit to which the employer was entitled against its pension liability was commensurate with its contribution to the pension fund. (*City of Los Angeles* v. *Industrial Acc. Com. (Fraide), supra,* at p. 253; *Symington* v. *City of Albany, supra,* 5 Cal.3d 23.) That portion of a pension or retirement fund paid for by the employer may be deducted from the total amount received from workmen's compensation and employer-employee created pension plans. (*City of Oakland* v. *Workmen's Comp.*

*App. Bd.,* 259 Cal.App.2d 163 [66 Cal.Rptr. 283]; *Lyons* v. *Workmen's Comp. Appeals Bd.,* 44 Cal.App.3d 1007 [119 Cal.Rptr. 159].)

Thus, although *Austin* v. *City of Santa Monica, supra,* 234 Cal.App.2d 841, may seem to have supported appellant's contention for the reason that *Austin* treated the sick pay allowance as something belonging to the employee which he had earned by mere tenure, the effect of such treatment was seriously limited, if not completely eliminated, with reference to sick pay plans paid for or funded entirely by the employer, by reason of the holding in *Fraide. Fraide* did not refer to *Austin.* That is insignificant because *Austin* was decided in June 1965 by the then District Court of Appeal; *Fraide* was decided August 1965 by the Supreme Court. Clearly, under *Fraide* and *Symington* respondent Union Oil Company is entitled to the credit which it seeks. It alone paid for the sick pay benefit part of the plan.

The deduction from sick pay allowance (for workmen's compensation received) is no more an "exaction," deduction or required contribution from an employee's salary than a deduction (for workmen's compensation received) from an employee's retirement or pension in *Symington* and *Fraide.* The effect of Union Oil's plan is not "to reduce the ultimate value of the employee's contributions" (*Symington* v. *City of Albany, supra,* 5 Cal.3d at p. 30), to the sick pay plan. The employee makes no contribution and hence the effect is not one of requiring him to pay directly or indirectly for the workmen's compensation or of exacting anything from him for workmen's compensation.

The judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.