Filed 8/15/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| ANDREW HERNANDEZ, | No. B268700 |
| Petitioner, | (W.C.A.B. No. ADJ1646469) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, | |
| Respondents. | |


PROCEEDINGS to review a decision of the Workers' Compensation Appeals Board.  Annulled and remanded with directions.

Law Offices of Tommy A. Ruedaflores, and Tommy A. Ruedaflores for Petitioner.

Richard L. Newman, Anne Schmitz, John F. Shields and Peter Rey for Respondent Workers' Compensation Appeals Board.

State Compensation Insurance Fund, Lisa Liebson, Deputy Chief Counsel, Mary Huckabaa, Assistant Chief Counsel, Wade Dorann Dicosmo and Darren P. Wong, Appellate Counsel, for Respondent California Highway Patrol.

_____

Labor Code section 4800.5, subdivision (a),[1] provides a sworn member of the Department of the California Highway Patrol (CHP) who has been disabled by a single work-related injury is entitled to a leave of absence without loss of salary, in lieu of disability payments, for a period not to exceed one year.  In a February 2013 decision a workers' compensation administrative law judge (WCJ), found Andrew Hernandez, a CHP sergeant, to be temporarily totally disabled from July 18, 2011 to November 8, 2011.  Although Hernandez received payments equal to the full amount of his salary during that period, a portion of those sums was charged against his accrued annual vacation leave.

Hernandez petitioned in January 2015 for recovery of the full amount he should have received as paid leave-of-absence benefits under section 4800.5, plus penalties for unreasonable delay under section 5814, subdivision (a), and interest.  The WCJ agreed Hernandez was entitled to the relief he had requested; but the Workers' Compensation Appeals Board (Board), in a divided decision after reconsideration, rescinded her ruling, concluding (1) Hernandez's claim for reimbursement of accrued leave involved employee benefits and was outside the jurisdiction of the Board; (2) the February 1, 2013 award by the WCJ barred Hernandez's 2015 claim for additional section 4800.5 payments under the doctrine of res judicata; and (3) there was no basis for awarding a penalty because Hernandez had received the full amount of his salary during the period of his temporary disability.  We annul the decision of the Board and remand the matter with directions to award Hernandez additional compensation under section 4800.5 in an amount equal to the value of annual leave used during the disputed period of temporary disability and to hear and determine the issue of penalties and interest.

---

[1] Statutory references are to this code unless otherwise stated.

# FACTUAL AND PROCEDURAL BACKGROUND

1. *The Original WCJ Decision*

On November 17, 2004 Hernandez, a CHP sergeant in Valencia, slipped and fell while assisting in the pursuit of a suspect who had fled on foot, injuring his low back and cervical spine. The parties—Hernandez and the CHP through its adjuster State Compensation Insurance Fund (State Fund)—agreed Hernandez's injuries arose out of, and in the course of, his employment. The parties also agreed Hernandez was 35 percent permanently disabled and would need future medical treatment for his low back.

The principal issue in the initial proceeding before the WCJ concerned payments for temporary total disability. The CHP had agreed Hernandez was temporarily totally disabled and paid him the equivalent of his full salary pursuant to section 4800.5 for the period November 17, 2010 to July 15, 2011, referred to in the proceedings as "4800 time,"[2] as well as for "further periodic hours thereafter." Hernandez was also paid permanent disability at the agreed rate of $200 per week for the period July 18, 2011 forward. Hernandez claimed he was entitled to additional temporary disability/4800 time payments for the period July 18, 2011 to November 8, 2011 based on the report of his primary treatment physician. The CHP argued Hernandez's temporary total disability ceased and his permanent and stationary date was July 18, 2011 based on the agreed medical examiner's report; it sought credit for overpayment of 4800 time during the period July 18, 2011 to November 15, 2011.

On February 1, 2013 the WCJ ruled Hernandez was entitled to temporary disability for the period July 18, 2011 to November 8, 2011 "at the rate of $881.56 per week, less 15% attorney's fees"—the sum the parties had previously agreed was the

---

[2] Article 6 of the workers' compensation statutes (§ 4800 et seq.) provides for special payments to law enforcement officers, entitling disabled officers to leave of absence without loss of salary in lieu of disability payments. Section 4800 applies to members of the Department of Justice who fall within the "state peace officer/firefighter" class; section 4800.5 applies to California Highway Patrol officers. "4800 time" was sometimes used in these proceedings as a shorthand for benefits under section 4800.5.

indemnity rate for temporary disability based on Hernandez's weekly earnings at the time of injury. The WCJ also denied the CHP's claim for overpayment of 4800 time for the same period. The WCJ issued an award in favor of Hernandez and against the CHP.

The CHP petitioned for reconsideration by the Board, arguing, in part, the WCJ had erred in awarding temporary disability for the period July 18, 2011 to November 8, 2011 because the agreed medical examiner had determined Hernandez was only partially disabled and the CHP had offered modified work within the required restrictions to accommodate his physical limitations. The petition was denied by the Board on April 19, 2013. Hernandez did not file an answer or his own petition for reconsideration.

2. *The Petition for Penalties and the WCJ Decision*

On January 14, 2015 Hernandez filed a petition for penalties (§ 5814, subd. (a)), contending payment of leave-of-absence benefits under section 4800.5 for the period July 18, 2011 to November 8, 2011 pursuant to the WCJ's findings and award dated February 1, 2013 had been unreasonably delayed. As phrased by the WCJ, "It is the applicant's contention that instead of paying the 4800.5 time, the applicant was forced to use his vacation time and was not reimbursed for that cost." The CHP raised res judicata as a defense.

At the hearing Hernandez testified he had been paid 4800.5 benefits from December 26, 2010 through July 17, 2011. Effective July 18, 2011, however, he was told by State Fund his 4800.5 benefits were terminated. Hernandez had to use his accrued vacation time when 4800.5 benefits were disallowed. Although he was paid his usual gross salary of $10,494.36 each month, most of that sum came from annual leave time. Hernandez was not reimbursed for the vacation/annual leave time when he retired in December 2011.

In her Findings and Award on February 4, 2015 the WCJ found Hernandez was entitled to 4800.5 benefits for the period July 18, 2011 to November 8, 2011, less credit for temporary disability payments that had been made. The WCJ explained, once temporary disability has been established for a CHP officer, the Labor Code mandates the

4

officer receive leave-of-absence benefits without loss of salary. The WCJ also ruled res judicata did not apply: "This trial concerned only the nonpayment of the temporary disability benefits or 4800.5 time and penalties. The issue of nonpayment and penalties had not previously been raised." Given the mandate of section 4800.5, the WCJ found there was an unreasonable delay in payment and concluded under section 5814 Hernandez was entitled to a statutory increase of 25 percent or $10,000, whichever was less.

The CHP petitioned for reconsideration by the Board, arguing the WCJ in her February 1, 2013 order had awarded Hernandez temporary disability only, instead of 4800.5 benefits. Because Hernandez failed to seek reconsideration of that award, it was now final; and relitigation of the issue was barred by res judicata. The CHP also asserted that Hernandez had admitted there was no loss of salary during the disputed period of temporary disability—he had received a gross salary of $10,494.36 each month. To the extent Hernandez now sought adjustment of the payment for accrued annual leave he received upon his retirement, that claim was outside the Board's jurisdiction.

In her Report and Recommendation on Petition for Reconsideration, the WCJ explained the issue in the 2015 trial was enforcement of the February 1, 2013 award, which had found Hernandez was temporarily disabled during the period July 18, 2011 to November 8, 2011. There were no additional benefits awarded, and the issue of nonpayment that she determined had not previously been raised. In addition, although Hernandez had received payments equal to his regular salary, he "credibly testified that, although he did receive his salary, the salary came from a combination of the 4800.5 time and his accrued annual leave that was never reimbursed. Defendants had no evidence to the contrary." The WCJ recommended the petition for reconsideration be denied.

3. *The Board's Opinion and Decision After Reconsideration*

On May 1, 2015 the Board voted to reconsider the WCJ's February 4, 2015 decision. On October 22, 2015, by a vote of two-to-one, the Board rescinded the WCJ's February 4, 2015 findings and award and substituted new findings that denied Hernandez

any recovery. The Board majority ruled Hernandez had received the full amount of his salary during the period of his temporary disability notwithstanding that a portion of the amount he was paid was charged against his accrued annual leave and other benefits. For that reason, the majority concluded, there was no basis for awarding a penalty for unreasonable delay pursuant to section 5814 or interest. It then held Hernandez's claim for reimbursement of accrued leave time involved employee benefits that are outside the Board's jurisdiction. Finally, without offering any explanation the Board majority held the 2013 award was res judicata.

The dissenting WCAB member cited the Board's exclusive jurisdiction over an employer's compliance with section 4800.5 (§§ 5300, 5301) and argued the CHP's conversion of Hernandez's previously accrued paid leave into cash in order to pay a portion of his salary during the period of temporary disability was a loss of salary previously earned, contrary to the requirements of that statute. The dissent also disagreed that res judicata was a bar to Hernandez's claim, explaining the WCJ's February 1, 2013 award did not supersede the CHP's obligations under section 4800.5 once the finding of temporary disability had been made.

4. *Proceedings in this Court*

Hernandez petitioned this court for writ of review on December 7, 2015 seeking to annul the Board's decision rescinding the WCJ's findings and award in favor of Hernandez. On December 30, 2015 the Board notified us it was not filing an answer to the petition. On January 22, 2016 State Fund on behalf of the CHP filed its answer, arguing the WCAB correctly found Hernandez had been paid in full with no unreasonable delays and Hernandez had waived all objections regarding section 4800.5 benefits. The writ of review issued on February 26, 2016, directing the Board to file a response by April 13, 2016 and allowing Hernandez and the CHP to file reply briefs 30 days thereafter.

Concurrently with issuance of the writ of review we invited the parties to specifically address in their response and reply briefs whether the Board has jurisdiction

6

to fashion a remedy in the event we concluded use of Hernandez's accrued annual leave was an improper taking of his salary. In response the Board requested we summarily annul its decision and remand the case for further proceedings that would determine the source of the payments Hernandez received during the disputed time period. In his reply Hernandez argued such a remand was unnecessary because the source of those payments was apparent on the record now before this court; Hernandez also argued the Board had jurisdiction under section 5300 to enforce the CHP's liability for the full value of section 4800.5 compensation to which he was entitled. The CHP implicitly agreed that a remand was not required, asserting Hernandez was seeking reimbursement for annual leave that had been used in place of section 4800.5 benefits during the period in question, not compensation under section 4800.5, and arguing the California Department of Human Resources (formerly the Department of Personnel Administration), not the Board, had exclusive jurisdiction over leave credits.

## DISCUSSION

1. *The Statutory Framework*

The workers' compensation system is intended to create and enforce a liability on the part of employers to compensate their workers for injury or disability incurred or sustained in the course of employment without regard to fault. (Cal. Const., art. XIV, § 4; see *Claxton v. Waters* (2004) 34 Cal.4th 367, 373; *Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1171 ["[t]he primary purpose of workers' compensation laws is to provide employees the certainty of medical benefits and compensation for work-related injuries by eliminating the need to prove negligence and abolishing the common law defenses of contributory negligence, assumption of the risk and fault of a fellow employee"].) The workers' compensation statutes are liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment. (§ 3202; *Smith v. Workers' Comp. Appeals Bd.* (2009) 46 Cal.4th 272, 277.) Given the goal of placing liability for work-related injuries entirely on the employer, the Legislature has provided that "[n]o

7

employer shall exact or receive from any employee any contribution, or make or take any deduction from the earnings of any employee, either directly or indirectly, to cover the whole or any part of the cost of compensation under this division." (§ 3751, subd. (a).)

Article 6 of the workers' compensation statutes (§ 4800 et seq.), entitled "Special Payments to Certain Persons," provides additional benefits to law enforcement officers, who undertake their particularly hazardous occupations on behalf of the public. (*City of Sacramento v. Workers' Comp. Appeals Bd.* (2002) 94 Cal.App.4th 1304, 1309.) Section 4800.5, subdivision (a), at issue in the case at bar, provides, "Whenever any sworn member of the Department of the California Highway Patrol is disabled by a single injury . . . arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the patrol, to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year."

The Board has exclusive jurisdiction over all proceedings for "the recovery of compensation, or concerning any right or liability arising out of or incidental thereto" (§ 5300, subd. (a)), as well as for "the enforcement against the employer or an insurer of any liability for compensation imposed upon the employer by this division in favor of the injured employee, his or her dependents, or any third person." (§ 5300, subd. (b); see also § 5301 [Board "is vested with full power, authority and jurisdiction to try and determine finally all the matters specified in Section 5300 subject only to the review by the courts as specified in this division"].) Section 4800.5, subdivision (d), specifically confers Board jurisdiction to award and enforce payment of the benefits provided CHP officers by that provision of the workers' compensation laws.

Section 5800 provides that all awards for payment of compensation "shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award." Section 5814, subdivision (a), authorizes imposition of a penalty for an employer's unreasonable delay in paying an injured worker: "When payment of compensation has been unreasonably delayed or

8

refused, either prior to or subsequent to the issuance of an award, the amount of the payment unreasonably delayed or refused shall be increased up to 25 percent or up to ten thousand dollars ($10,000), whichever is less.  In any proceeding under this section, the appeals board shall use its discretion to accomplish a fair balance and substantial justice between the parties."

  2. *The Board Has Jurisdiction To Enforce the CHP's Liability for Unpaid Section 4800.5 Benefits*

   There can be no dispute that section 4800.5 obligated the CHP to pay Hernandez his full salary, in lieu of disability payments, while he was temporarily disabled or that the use of his accrued annual leave to make up a portion of those required payments between July 18, 2011 and November 8, 2011 constituted a "loss of salary" in violation of section 4800.5 and an illegal deduction from Hernandez's earnings, prohibited by section 3751, subdivision (a).  That was precisely the conclusion of our colleagues in Division Three of this court in *Austin v. City of Santa Monica* (1965) 234 Cal.App.2d 841, which involved a City of Santa Monica police officer covered by section 4850, another of the Article 6 provisions that guarantees law enforcement officers a one-year leave of absence without loss of salary in lieu of temporary disability payments.  The City had deducted a day of accumulated sick leave for each day worker's compensation was paid to Officer Austin.  "The consequence of this procedure was that for each day of sick leave taken from him Austin was paying himself a day's workmen's compensation."  (*Id.* at p. 846.)  The *Austin* court held the City's policy violated sections 4850 and 3751 and directed that "[w]hatever rights were taken from him in this manner should be fully restored to him . . . ."  (*Austin*, at p. 846.)

   There is no basis to distinguish between sick leave at issue in *Austin* and annual leave at issue in the case at bar.  The Government Code expressly provides that annual leave programs are in lieu of sick leave and vacation.  (Gov. Code, § 19858.4.)  Indeed, both sick leave and annual leave accrue and vest simply by virtue of an employee's attendance at work.  (Gov. Code, §§ 19858.4, 19859.)  As in *Austin*, compelling CHP Sergeant Hernandez to use his annual leave to pay for his salary in lieu of temporary

9

disability payments compelled him to pay for his own workers' compensation benefits in violation of sections 4800.5 and 3751.

In light of this clear violation of Hernandez's rights under the workers' compensation laws, the argument the Board lacks jurisdiction to provide a remedy borders on sophistry. To be sure, as the Board majority and State Compensation have explained, if Hernandez's injury were described as seeking an additional lump sum payment for accumulated annual leave that was improperly denied to him, his claim would be properly pursued before the California Department of Human Resources, which has jurisdiction over employee benefit matters. (See Gov. Code, § 18502, subd. (a); Cal. Code Regs., tit. 2, § 599.768(b).) But exclusive jurisdiction over proceedings for "the recovery of compensation, or concerning any right or liability arising out of or incidental thereto" (§ 5300, subd. (a)), as well as for "the enforcement against the employer . . . of any liability for compensation imposed upon the employer by this division in favor of the injured employee . . ." (§ 5300, subd. (b)), is vested in the Board. Even more specifically, section 4800.5, subdivision (d), grants the Board jurisdiction to enforce payment of benefits to CHP officers provided by that provision. Hernandez has been paid all his accrued annual leave—initially as part of the salary he received during the period July 18, 2011 to November 8, 2011 and the balance in a lump sum when he retired. His complaint is not that he is entitled to more annual leave; it is that he was not properly compensated during his period of temporary disability as required by section 4800.5. Enforcement of that liability for compensation rests squarely within the Board's jurisdiction.

3. *Res Judicata Does Not Bar Hernandez's Claim for Unpaid Section 4800.5 Benefits*

Without seriously disputing that it was unlawful to use Hernandez's accrued annual leave to pay portions of his salary while he was temporarily disabled, the CHP contends Hernandez's petition for penalties was barred by waiver, or alternatively the doctrine of res judicata, because he failed to seek reconsideration of the WCJ's February 1, 2013 award. This argument is premised on a misinterpretation of the initial

10

WCJ award as ruling Hernandez was entitled only to temporary disability payments at the statutory rate and not the equivalent of his full salary pursuant to section 4800.5 for the period July 18, 2011 through November 8, 2011.

In their pretrial conference statement prepared on September 19, 2012, the parties expressly identified Hernandez's entitlement to payments pursuant to section 4800.5 from July 18, 2011 through November 8, 2011 as the central issue to be decided by the WCJ. In the minutes of hearing from November 1, 2012, the WCJ confirmed her understanding that the first issue to be decided was "[t]emporary disability/4800 time, with the employee claiming the period July 18, 2011, to November 8, 2011, per the [primary treatment physician] report of Dr. Kayvanfar." In her February 1, 2013 award the WCJ ruled in favor of Hernandez, finding he was temporarily disabled during the disputed period, which necessarily meant he was entitled, as a matter of statutory right, to "a leave of absence without loss of salary, in lieu of disability payments."

To be sure, in paragraph 2 of her Findings and Award of February 1, 2013 the WCJ found "Applicant is entitled to temporary disability for the period 7/18/11 to 11/8/11 at the rate of $881.56 per week, less 15% attorney's fees." But in light of the parties' statement of issues to be decided, as well as the statutory mandate that a temporarily disabled CHP officer must receive his or her full salary in lieu of disability payments, the recitation by the WCJ of the amount Hernandez would have received in disability payments absent section 4800.5 cannot reasonably be construed as a determination that he was not to receive those benefits. Any possible ambiguity in that regard was eliminated by the WCJ's further ruling denying the CHP's claim for credit for overpayments under section 4800.5 during the disputed time period: If the WCJ had intended that Hernandez receive only disability payments, not leave-of-absence benefits under section 4800.5, any section 4800.5 payments the CHP had made for the period July 18, 2011 through November 8, 2011 would have been returned to it (or credited against its future obligations to Hernandez). Finally, the WCJ herself, in her Report and Recommendation on Petition for Reconsideration, confirmed her intention that

11

Hernandez receive section 4800.5 benefits based on her initial award, explaining, "Once temporary disability is established for a California Highway Patrol officer, the Labor Code mandates that he shall receive a leave of absence without loss of salary."

Because Hernandez was entitled to "section 4800.5 time" based on the February 1, 2013 findings and award of temporary disability during the period July 18, 2011 through November 8, 2011, there was no reason for him to seek reconsideration of that decision. His failure to do so does not constitute a waiver of his right to those benefits, nor does the doctrine of res judicata bar his recovery of unpaid section 4800.5 benefits.

4. *Whether To Award Penalties and Interest Must Be Redetermined on Remand*

As discussed, the Board majority erred in ruling that Hernandez had received his full salary while temporarily disabled from July 18, 2011 to November 8, 2011 and that the use of his accrued annual leave to pay a portion of that salary simply raised an issue of employee benefit credits, not the CHP's liability for compensation due pursuant to section 4800.5. Its related conclusion that, because he had received his full salary, there was no basis to award Hernandez penalties for the CHP's unreasonable delay in paying him is similarly flawed. Accordingly, on remand the issue of penalties under section 5814 and interest must be reconsidered.

## DISPOSITION

The decision after reconsideration of the Workers' Compensation Appeals Board entered on October 22, 2015 is annulled, and the cause remanded with directions to award Hernandez additional compensation under section 4800.5 in an amount equal to the value of annual leave used during the disputed period of temporary disability (July 18, 2011 to November 8, 2011), to hear and determine the issue of penalties and interest and to conduct further proceedings consistent with this opinion.

PERLUSS, P. J.

We concur:

ZELON, J.                    SEGAL, J.

12